## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| IMHOFF INVESTMENT, L.L.C., a Michigan limited liability company, individually and as the representative of a class of similarly situated persons, | ) ) ) ) | |
| | ) | |
| Plaintiff, | ) | No. |
| | ) | |
| v. | ) | |
| | ) | |
| ALFOCCINO OF AUBURN HILLS, INC. and ALFOCCINO, INC., | ) ) | |
| | ) | |
| Defendants. | ) | |

## CLASS ACTION COMPLAINT

Plaintiff, IMHOFF INVESTMENT, L.L.C., a Michigan limited liability company (herein "Plaintiff"), brings this action on behalf of itself and all other persons similarly situated, through its attorneys, and except as to those allegations that pertain to Plaintiff or its attorneys, which allegations are based upon personal knowledge, alleges the following upon information and belief against Defendants, ALFOCCINO OF AUBURN HILLS, INC. and ALFOCCINO, INC., (herein "Defendants").

## PRELIMINARY STATEMENT

1.      This case challenges Defendants' policy and practice of faxing unsolicited advertisements.

2.      The Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, prohibits a person or entity within the United States from sending or having an agent send unsolicited faxed advertisements.  The TCPA provides a private right of action for violations and provides statutory damages of $500.00 per violation.

3.      Unsolicited faxes damage their recipients.  A junk fax recipient loses the use of its fax machine, paper, and ink toner.  An unsolicited fax also causes the recipient to waste valuable time it would have spent on something else.  Unsolicited faxes prevent fax machines from receiving authorized faxes, prevent their use for authorized outgoing faxes, cause undue wear and tear on the recipient fax machines, and require additional labor to attempt to discern the source and purpose of the unsolicited message.

4.      On behalf of itself and all others similarly situated, Plaintiff brings this case as a class action asserting claims against Defendants under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

5.      Plaintiff seeks an award of statutory damages for each violation of the TCPA.

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 47 U.S.C. § 227.

7.      Venue in this district is proper because Defendants do  business here and a significant portion of the events took place here.

## PARTIES

8.      Plaintiff, IMHOFF INVESTMENT, L.L.C., is a Michigan limited liability company which does business within this judicial district.

9.      On information and belief, Defendants, ALFOCCINO OF AUBURN HILLS, INC. and ALFOCCINO, INC., are Michigan corporations that operate two restaurants under the name Alfoccino Restaurant.

## FACTS

10.      On or about November 13, 2006 and December 4, 2006, Defendants sent by

telephone facsimile machine an unsolicited advertisement to Plaintiff's facsimile machine.  A copy of the facsimile is attached hereto and marked as Exhibit A.

11.     Defendants did not have Plaintiff's prior express invitation or permission to send advertisements to Plaintiff's fax machine.

12.     On information and belief, Defendants have sent similar unsolicited facsimile advertisements to at least 39 other recipients.

13.     There is no reasonable means for Plaintiff (or any other class member) to avoid receiving illegal faxes.  Fax machines are left on and ready to receive the urgent communications their owners desire to receive.

**COUNT I**
**TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227**

14.     Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

15.     In accordance with Fed. R. Civ. P. 23, Plaintiff brings this action pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227, on behalf of the following class of persons:

> All persons that are holders of telephone numbers to which a facsimile transmission was sent on behalf of Defendant advertising or promoting the goods or services of Defendant at any time between four years prior to the date of filing of this suit to and including the present (the "Class Period").

Excluded from the Class are Defendant, its officers, directors, employees, agents, and members of the Judiciary.

16.     Commonality [Fed. R. Civ. P. 23(A)(2)].  Common questions of law and fact apply to the claims of all class members.  Common material questions of fact and law include but are not limited to the following:

(a)     Whether Defendant sent unsolicited fax advertisements;

(b)     Whether Defendant's facsimiles advertised the commercial availability of property, goods or services;

(c)     The manner and method Defendant used to compile or obtain the list of fax numbers to which it sent Exhibit A and other unsolicited faxed advertisements;

(d)     Whether Defendant faxed advertisements without first obtaining the recipients' prior express permission or invitation;

(e)     Whether Defendant sent the faxed advertisements knowingly;

(f)     Whether Defendant violated the provisions of 47 U.S.C. § 227;

(g)     Whether Plaintiff and the other members of the class are entitled to statutory damages; and

(h)     Whether the Court should award treble damages.

17.     Typicality [Fed. R. Civ. P. 23(a)(3)].  Plaintiff's claims are typical of the claims of all class members.  Plaintiff received a facsimile sent on behalf of Defendant advertising goods and services of Defendant during the Class Period.   Plaintiff is making the same claims and seeking the same relief for itself and all class members based on the same federal statute. Defendant has acted the same or in a similar manner with respect to Plaintiff and all the class members.

18.     Fair and Adequate Representation [Fed. R. Civ. P. 23(a)(4)].  Plaintiff will fairly and adequately represent and protect the interest of the class.  It is interested in this matter, has no conflicts, and has retained experienced class counsel to represent the class.

19.     Need for Consistent Standards and Practical Effect of Adjudication [Fed. R. Civ. P. 23 (b)(1)].  Class certification is appropriate because the prosecution of individual actions by class members would:  (a) create the risk of inconsistent adjudications that could establish

4

incompatible standards of conduct for Defendant, and/or (b) as a practical matter, adjudication of Plaintiff's claims will be dispositive of the interests of class members who are not parties.

20.     Common Conduct [Fed. R. Civ. P. 23 (b)(2)].    Class certification is also appropriate because Defendant has acted and refused to act in the same or similar manner with respect to all class members thereby making injunctive and declaratory relief appropriate. Plaintiff demands such relief as authorized by 47 U.S.C. § 227.

21.     Predominance and Superiority [Fed. R. Civ. P. 23(b)(3)].    Common questions of law and fact predominate and a class action is superior to other methods of adjudication.

(a)     Proof of the claims of Plaintiff will also prove the claims of the class without the need for separate or individualized proceedings;

(b)     Evidence regarding defenses or any exceptions to liability that Defendant may assert and prove will come form Defendant's records and will not require individualized or separate inquires or proceedings;

(c)     Defendant has acted and is continuing to act pursuant to common policies or practices in the same or similar manner with respect to all class members;

(d)     The amount likely to be recovered by individual class members does not support protested individual litigation.    A class action will permit a large number of relatively small claims involving virtually identical facts and legal issues to be resolved efficiently in one proceeding based on common proofs;

(e)  This case is inherently managed as a class action in that:

(i)     Defendant identified persons or entities to receive the fax transmissions, and it is believed that Defendant's computer and business records

will enable Plaintiff to readily identify class members and establish liability and damages;

(ii)     Liability and damages can be established for Plaintiff and the class with the same common proofs;

(iii)     Statutory damages are provided for in the statute and are the same for all class members and can be calculated in the same or a similar manner;

(iv)     A class action will result in an orderly and expeditious administration of claims, and it will foster economics of time, effort and expense;

(v)     A class action will contribute to uniformity of decisions concerning Defendant's practices;

(vi)     As a practical matter, the claims of the class are likely to go unaddressed absent class certification.

22.     The TCPA makes unlawful the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine …." 47 U.S.C. § 227(b)(1).

23.     The TCPA defines "unsolicited advertisement," as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's express invitation or permission."  47 U.S.C. § 227(a)(4).

24.     The TCPA provides:

3.     <u>Private right of action</u>.  A person may, if otherwise permitted by the laws or rules of court of a state, bring in an appropriate court of that state:

(A)     An action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,

> (B)    An action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or

> (C)    Both such actions.

25.    The TCPA is a strict liability statute, so Defendant is liable to Plaintiff and the other class members even if its actions were only negligent.

26.    Defendant knew or should have known that (a) Plaintiff and the other class members had not given express invitation or permission for Defendant or anybody else to fax advertisements about Defendant's goods or services, (b) that Plaintiff and the other class members did not have an established business relationship, and (c) that Exhibit A is an advertisement.

27.    Defendant's actions caused damages to Plaintiff and the other class members. Receiving Defendant's junk faxes caused the recipients to lose paper and toner consumed in the printing of Defendant's faxes.  Moreover, Defendant's faxes used Plaintiff's fax machine. Defendant's faxes cost Plaintiff time, as Plaintiff and its employees wasted their time receiving, reviewing and routing Defendant's illegal faxes.  That time otherwise would have been spent on Plaintiff's business activities.  Finally, Defendant's faxes unlawfully interrupted Plaintiff's and the other class members' privacy interests in being left alone.

28.    Defendant violated 47 U.S.C. § 227 et seq. by transmitting Exhibit A hereto to Plaintiff and the other members of the class without obtaining their prior express permission or invitation.

WHEREFORE, Plaintiff, IMHOFF INVESTMENT, L.L.C., individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendant,

ALFOCCINO OF AUBURN HILLS, INC. and ALFOCCINO, INC., jointly and severally, as follows:

      A.     That the court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the class, and appoint Plaintiff's counsel as counsel for the class;

      B.     That the court award actual monetary loss from such violations or the sum of $500.00 in damages for each violation whichever is greater; and

      C.     The court enjoin Defendant from additional violations; and

      D.     That the court award costs and such further relief as the court may deem just and proper.

## COUNT II
## NEGLIGENT DAMAGE TO PERSONAL PROPERTY

29.     Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

30.     In accordance with F.R.C.P. 23, Plaintiff brings Count II pursuant to the common law damage to personal property on behalf of the following class of persons:

> All persons who (1) on or after three years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability of any property, goods, or services by or on behalf of Defendant, (3) with respect to whom Defendant cannot provide evidence of prior express permission or invitation for the sending of such faxes, and (4) with whom Defendant did not have an established business relationship.

31.     A class action is warranted because:

      (a)     On information and belief, the class includes forty or more persons and is so numerous that joinder of all members is impracticable.

      (b)     There are questions of fact or law common to the class predominating over questions affecting only individual class members, including without limitation:

(i)      Whether Defendant sent unsolicited fax advertisements;

(ii)     Whether Defendant's facsimiles advertised the commercial availability of property, goods, or services;

(iii)    The manner and method Defendant used to compile or obtain the list of fax numbers to which it sent Exhibit A and other unsolicited faxed advertisements;

(iv)     Whether Defendant faxed advertisements without first obtaining the recipients' express permission or invitation;

(v)      Whether Defendant knew or should have known that Exhibit A were advertisements;

(vi)     Whether Defendant knew or should have known that Defendant was damaging Plaintiff's toner, cartridge, and paper in the transmission of Exhibit A and other unsolicited faxed advertisements;

(vii)    Whether Defendant violated the provisions of 47 USC § 227;

(viii)   Whether Plaintiff and the other class members are entitled to statutory damages;

(ix)     Whether Defendant should be enjoined from faxing advertisements in the future; and

(x)      Whether the Court should award trebled damages.

32.     Plaintiff will fairly and adequately protect the interests of the other class members.  Plaintiff's counsel are experienced in handling class actions and claims involving unsolicited advertising faxes.  Neither Plaintiff nor Plaintiff's counsel has any interests adverse or in conflict with the absent class members.

33.     A class action is an appropriate method for adjudicating this controversy fairly and efficiently.  The interest of each individual class member in controlling the prosecution of separate claims is small and individual actions are not economically feasible.

34.     Defendant knew or should have known that: (A) Plaintiff and the other class members had not given express invitation or permission for Defendant or anybody else to fax advertisements about Defendant's goods or services, (B) that Plaintiff and the other class members did not have an established business relationship with Defendant, and (C) that Exhibit A were advertisements.

35.     Defendant's actions caused damages to Plaintiff and the other class members. Receiving Defendant's junk faxes caused the recipients to lose paper and toner consumed in the printing of Defendant's faxes.  Moreover, Defendant's faxes used Plaintiff's fax machine. Defendant's faxes cost Plaintiff time, as Plaintiff and its employees wasted their time receiving, reviewing and routing Defendant's illegal faxes.  That time otherwise would have been spent on Plaintiff's business activities.  Finally, Defendant's faxes unlawfully interrupted Plaintiff's and the other class members' privacy interests in being left alone.

WHEREFORE, Plaintiff, IMHOFF INVESTMENT, L.L.C., individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendant, ALFOCCINO OF AUBURN HILLS, INC. and ALFOCCINO, INC., jointly and severally, as follows:

A.     That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the class, and appoint Plaintiff's counsel as counsel for the class;

B.     That the Court award $500.00 in damages for each violation of the TCPA;

C.     That the Court enter an injunction prohibiting Defendant from engaging in the statutory violations at issue in this action; and

D.     That the Court award costs and such further relief as the Court may deem just and proper, but in any event, not more than $75,000.00 per individual, inclusive of all damages and fees.

Dated:  January 18, 2010

IMHOFF INVESTMENT, L.L.C., individually and as the representative of a class of similarly-situated persons

/s/ Jason J. Thompson (P47184)
SOMMERS SCHWARTZ, P.C.
2000 Town Center, Suite 900
Southfield, MI   48075
Telephone:  248-355-0300
Fax:  248-436-8453
jthompson@sommerspc.com

Brian J. Wanca
ANDERSON + WANCA
3701 Algonquin Road, Suite 760
Rolling Meadows, IL  60008
Telephone:  847-368-1500
Fax:  847-368-1501

Phillip A. Bock
BOCK & HATCH, LLC
134 N. La Salle St., Suite 1000
Chicago, IL  60602
Telephone:  312-658-5500
Fax:  312-658-5555

Attorneys for Plaintiff

**EXHIBIT A**




# Happy Holidays !

### from

# Alfoccino Restaurant

## Banquets & Catering
## Home Made Italian Cuisine

Est 1986



**West Side**
39205 Grand River Ave
Farmington Hills MI, 48331
(Inside Pepper Square)
PHONE: 248-476-0044
FAX: 248-476-5447

**East Side**
2225 North Opdyke Rd
Auburn Hills MI, 48326
(1.5 Miles South of the Palace)
PHONE: 248-340-1000
FAX: 248-340-1046

**FOOD & SPIRITS**

$1.95 Menu
East Side location only 3-6:30 pm
Calamari, Chicken Wings,
Mozzarella Cheese Sticks, etc...
$2 Draft

**For your catering & banquet needs call Tony 248 670 1882**
**Let our chef create a custom menu for your holiday party**

## 15% OFF
Your Total Catering
or Banquet Food Bill
Up To $100

*Present coupon at time of booking. Not to be combined with any other offer.*

*Order On Line*
**www.alfoccino.com**

*Great Gift Idea*

# FREE $20.$^{00}$ Gift Certificates

### Order (5) $20 Gift Certificates and Receive
### One $20 Gift Certificate for Free that's Our Gift

*Exp 1/6/07*

If you received this fax in error and would like to be removed from our database, call toll free 1-800-511-8261