UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IMHOFF INVESTMENT, L.L.C.,

          Plaintiff,          No. 10-CV-10221

vs.          Hon. Gerald E. Rosen

ALFOCCINO OF AUBURN HILLS, INC.,
and ALFOCCINO, INC.,

          Defendants.
_____/

OPINION AND ORDER GRANTING
DEFENDANTS' MOTION TO DISMISS
FOR LACK OF SUBJECT MATTER JURISDICTION

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on      July 13, 2010

PRESENT:   Honorable Gerald E. Rosen
                     United States District Chief Judge

## I.  INTRODUCTION

This action is presently before the Court on Defendants' Fed. R. Civ. P. 12(b)(1) Motion to Dismiss Plaintiff's Complaint for lack of federal subject matter jurisdiction. The parties have fully briefed the motion. The Court finds that the facts and legal arguments are adequately presented in the parties' papers and that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. L.R. 7.1(e)(2), this matter will be decided on the briefs. For the reasons set forth below,

Defendants' motion will be granted.

## II. BACKGROUND

Plaintiff Imhoff Investment, L.L.C. ("Imhoff"), a Michigan limited liability company, filed the instant action in this Court on January 18, 2010, on the basis of federal question jurisdiction. Plaintiff alleges that Defendants Alfoccino of Auburn Hills, Inc., and Alfoccino, Inc., two Michigan corporations that operate two restaurants under the name "Alfoccino Restaurant," sent an unsolicited facsimile advertisement to Plaintiff's facsimile machine in violation of the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227. Imhoff purports to bring this suit on behalf of itself and a class of all similarly-situated persons. Defendants contend that the Court lacks subject-matter jurisdiction to entertain Plaintiff's TCPA claims and has moved to dismiss the complaint.

## III. LEGAL STANDARD

A motion challenging the basis for the Court's subject matter jurisdiction is brought under Fed. R. Civ. P. 12(b)(1). "When subject matter jurisdiction is challenged under Rule 12(b)(1) . . . the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Rogers v. Stratton Indus.*, 798 F.2d 913, 915 (6th Cir.1986); *RMI Titanium Co. v. Westinghouse Elec. Co.,* 78 F.3d 1125, 1134 (6th Cir. 1996). Further, because at issue in a 12(b)(1) motion is the trial court's very power to hear the case, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed

material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Id.* (quoting *Mortensen v. First Federal Savings and Loan Ass'n*, 549 F.2d 890, 891 (3d Cir. 1977)).

## IV.  ANALYSIS

The TCPA prohibits, *inter alia*, the use of "any telephone facsimile machine, computer, or other device to send an unsolicited advertisement to a telephone facsimile machine[.]" 47 U.S.C. § 227(b)(1)(C).  For violations of this provision, the Act prescribes the following private right of action:

> A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring *in an appropriate court of that State* --
>
> (A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
>
> (B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
>
> (C) both such actions.

*Id.* § 227(b)(3) (emphasis added).

The circuit courts, including the Sixth Circuit, have virtually uniformly held that § 227(b)(3) does not authorize a private cause of action in federal court.  *See Dun-Rite Construction, Inc. v Amazing Tickets, Inc.*, 2004 WL 3239533 (6th Cir. 2004); *Murphey v. Lanier*, 204 F.3d 911 (9th Cir.2000); *Foxhall Realty Law Offices, Inc. v. Telecomms. Premium Servs., Ltd.*, 156 F.3d 432 (2d Cir.1998); *ErieNet, Inc. v. Velocity Net, Inc.*, 156 F.3d 513 (3d Cir.1998); *Nicholson v. Hooters of Augusta, Inc.*, 136 F.3d 1287 (11th

Cir.1998); *Int'l Science & Tech. Inst., Inc. v. Inacom Communications, Inc.*, 106 F.3d 1146 (4th Cir.1997); *Chair King, Inc. v. Houston Cellular Corp.*, 131 F.3d 507 (5th Cir.1997). *But see, Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446 (7th 2005) (holding that the grant of authority to the state courts in § 227(b)(3) was not meant to be exclusive). The Second Circuit agreed with *Brill* insofar as it held that federal courts enjoy diversity jurisdiction over private causes of action arising under the TCPA. *See Gottlieb v. Carnival Corp.*, 436 F.3d 335, 343 (2d Cir.2006) (Sotomayor, J.). *Gottlieb,* however, did not disturb the Second Circuit's holding in *Foxhall*, *supra*, in which it held federal question jurisdiction under 28 U.S.C. § 1331 could not be based upon the TCPA. *See also U.S. Fax Law Ctr. v. iHire, Inc.*, 476 F.3d 1112, 1118 (10th Cir.2007) (holding federal courts have diversity jurisdiction over TCPA claims).

Recently, a post-*Brill* Sixth Circuit panel opined, in a footnote, that "the existence or non-existence of federal-question jurisdiction over private TCPA claims is not a settled question." *See Charvat v. GVN Mich., Inc.*, 561 F.3d 623, 627 n. 2 (6th Cir. 2009). The *Charvat* court further noted that *Brill* and then-Judge Alito's dissent in *ErieNet* "raise serious questions about the majority view[,]" but because the issue was not before the court,[1] the court did nothing to overrule or modify its ruling in *Dun-Rite*. *Id*.

Despite *Charvat*'s dicta, district courts within the Sixth Circuit have continued to

---

[1] *Charvat* was filed in the federal court based upon diversity jurisdiction, and the panel assumed, without deciding, that it had jurisdiction to entertain a diversity action under the TCPA. *Id.* at 628. The court concluded that the plaintiff did not meet the amount-in-controversy requirement and affirmed the district court's dismissal. *Id.* at 632.

adhere to the majority view that the TCPA does not provide for federal question jurisdiction. *See Bridging Communities, Inc. v. Top Flite Financial, Inc.*, 2010 WL 1790357 (E.D. Mich., May 3, 2010); *Charvat v. NMP, LLC*, ___ F.Supp.2d ___, 2010 WL 1257590, at *2 (S.D. Ohio Mar.31, 2010); *Machesney v. Lar-Bev of Howell*, 2010 WL 821932, at *3 (E.D. Mich. Mar.4, 2010); *APB Assocs., Inc. v. Bronco's Saloon, Inc.*, 2010 WL 822195, at *3 (E.D. Mich. Mar.4, 2010); *Bridge v. Ocwen Fed. Bank*, 669 F.Supp.2d 853, 859 (N.D. Ohio 2009). *But see, Hamilton v. United Health Group*, 2008 WL 4425958, at *4 (S.D. Ohio Sept.22, 2008) (holding that TCPA case was properly removed to federal court because the statute did not expressly prohibit removal actions).

While some courts have determined that they may properly exercise diversity jurisdiction over TCPA claims, no circuit has joined *Brill* with regard to federal question jurisdiction. (Plaintiff here has only alleged federal question jurisdiction, and from the Court's review of Plaintiff's Complaint it does not appear that diversity jurisdiction exists.)

Considering the clear majority view, the Sixth Circuit's conclusion in *Dun-Rite*, and the three post-*Charvat* decisions of this court (*Bridging Communities*, *Machesney* and *APB Associates*), the Court finds that subject matter jurisdiction over Plaintiff's TCPA claims does not exist. Therefore, Plaintiff's Complaint will be dismissed.

## CONCLUSION

For all of the foregoing reasons,

IT IS HEREBY ORDERED that Defendants' Motion to Dismiss **[Dkt. # 13]** is GRANTED. Accordingly,

IT IS FURTHER ORDERED that this case is DISMISSED for lack of federal subject matter jurisdiction.[2]


                    s/Gerald E. Rosen
                    Chief Judge, United States District Court

Dated: July 13, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 13, 2010, by electronic and/or ordinary mail.

                    s/Ruth A. Gunther
                    Case Manager

---

[2] Lacking subject matter jurisdiction over the matter, the Court is precluded from entertaining the parties proposed Stipulation to Stay this matter while awaiting a ruling from the Sixth Circuit on other cases filed by Plaintiff's counsel presenting similar issues.