**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
**File Name: 12a0402n.06**

**No. 10-1998**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

IMHOFF INVESTMENT, LLC,      )
                                      )

     Plaintiff-Appellant,   )
                                        )

v.                                  )     ON APPEAL FROM THE UNITED
                                      )     STATES DISTRICT COURT FOR THE
ALFOCCINO OF AUBURN HILLS, INC.,   )     EASTERN DISTRICT OF MICHIGAN
and ALFOCCINO, INC.,          )
                                        )

     Defendants-Appellees.   )

**FILED**
*Apr 13, 2012*
LEONARD GREEN, Clerk

Before: DAUGHTREY, COLE, and ROGERS, Circuit Judges.

PER CURIAM. The plaintiff, Imhoff Investment, LLC, appeals the district court's order dismissing its complaint for lack of subject-matter jurisdiction. Imhoff brought a claim pursuant to the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227(b)(3), which provides for a private right of action in state court. The district court dismissed the complaint, holding that the TCPA did not confer federal-question jurisdiction. 28 U.S.C. § 1331. In doing so, the district court correctly noted that the majority of circuit courts addressing this issue have held that the TCPA does not authorize a private cause of action in federal court and that jurisdiction in section 227(b)(3) cases lies exclusively in state court. *See Murphey v. Lanier*, 204 F.3d 911, 915 (9th Cir. 2000) ("We join the Second, Third, Fourth, Fifth, and Eleventh Circuits in the somewhat unusual conclusion that state

No. 10-1998
*Imhoff Investment v. Alfoccino of Auburn Hills*

courts have exclusive jurisdiction over a cause of action created by a federal statute, the Telephone Consumer Protection Act of 1991.") (internal quotation marks omitted), *abrogated on other grounds by Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

Nevertheless, while the instant appeal was pending, another panel of this court reached a conclusion contrary to the majority rule, interpreting the TCPA to confer *non*-exclusive jurisdiction over private actions filed in state court under section 227(b)(3). *See Charvat v. EchoStar Satellite, LLC*, 630 F.3d 459, 463 (6th Cir. 2010) ("[T]he district court had federal-question jurisdiction over the claims under the Telephone Act and pendent jurisdiction over the rest of the claims."). We have long held that a "panel of this [c]ourt cannot overrule the decision of another panel." *Salmi v. Sec'y of Health & Human Servs.*, 774 F.2d 685, 689 (6th Cir. 1985). Thus, *Charvat* "remains controlling authority [in the Sixth Circuit] unless an inconsistent decision of the United States Supreme Court requires modification of the decision or this [c]ourt sitting en banc overrules the prior decision." *Id.* In the absence of either occurrence, we conclude that the district court has subject-matter jurisdiction in this case and, therefore, REVERSE the judgment of the district court and REMAND the matter for further proceedings.

# UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

100 EAST FIFTH STREET, ROOM 540
POTTER STEWART U.S. COURTHOUSE
CINCINNATI, OHIO 45202-3988

Leonard Green
Clerk

Tel. (513) 564-7000
www.ca6.uscourts.gov

Filed: April 13, 2012

Mr. Phillip Andrew Bock
Bock & Hatch
134 N. LaSalle Street
Suite 1000
Chicago, IL 60602

Mr. Scott Louis Feuer
Law Offices
2833 Crooks Road
Suite 104
Suite 104
Troy, MI 48084

Ms. Danielle Christine Schoeny
Mr. Jason J. Thompson
Mr. Jesse L. Young
Sommers Schwartz
2000 Town Center
Suite 900
Southfield, MI 48075

Re: Case No. 10-1998, *Imhoff Investment LLC v. Alfoccino of Auburn Hills Inco, et al*
Originating Case No. : 10-10221

Dear Counsel:

The Court issued the enclosed (Order/Opinion) today in this case.

Sincerely yours,

s/Patricia J. Elder
Senior Case Manager
Direct Dial No. 513-564-7034

cc: Mr. David J. Weaver

Enclosure

Mandate to issue