UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

AVIO, INC., a Michigan corporation,
Individually and as the representative of a
class of similarly situated persons,

        Plaintiff,

-vs-

ALFOCCINO OF AUBURN HILLS, INC.
and ALFOCCINO, INC.,

        Defendants,

and

ALFOCCINO OF AUBURN HILLS, INC.
and ALFOCCINO, INC.,

        Third-Party Plaintiffs,

-vs-

CAROLINE ABRAHAM d/b/a BUSINESS
TO BUSINESS SOLUTIONS, and THE
MARKETING RESEARCH CENTER,

        Third-Party Defendants.

Case No. 10-CV-10221
Hon. Gerald E. Rosen

**DEFENDANTS ALFOCCINO OF AUBURN HILLS, INC AND ALFOCCINO, INC.'S MOTION TO DISMISS OR IN THE ALTERNATIVE TO COMPEL PLAINTIFF'S ATTENDANCE AT DEPOSITION**

| | |
|---|---|
| JASON J. THOMPSON (P47184)<br>DANIELLE C. SCHOENY (P66053)<br>SOMMERS SCHWARTZ, P.C.<br>Attorneys for Plaintiffs<br>One Towne Square, Suite 1700<br>Southfield, Michigan 48076<br>248-355-0300<br><br>BRIAN J. WANCA<br>ANDERSON & WANCA<br>Attorney for Plaintiffs<br>3701 Algonquin Road, Suite 760<br>Rolling Meadows, IL 60008<br>847-368-1500 | PHILLIP A. BOCK<br>BOCK & HATCH, LLC<br>Co-Counsel for Plaintiffs<br>134 N. LaSalle St., Suite 1000<br>Chicago, IL 60602<br>312-658-5500<br><br>JOHN R. PREW (P41891)<br>JASON MATHERS (P66022)<br>HARVEY KRUSE, P.C.<br>Attorney for Defendants, Alfoccino of Auburn Hills, Inc. and Alfoccino, Inc.<br>1050 Wilshire Drive, Suite 320<br>Troy, MI 48084<br>(248) 649-7800 |

**HARVEY KRUSE**
ATTORNEYS & COUNSELORS    A PROFESSIONAL CORPORATION
1050 WILSHIRE DRIVE, SUITE 320, TROY, MICHIGAN 48084-1526   248-649-7800

**TABLE OF CONTENTS**

INDEX OF AUTHORITIES……………………………………………………………………… iii

QUESTION PRESENTED ……………………………………………………………………iv

FACTS………………………………………………………………………………………… 1

LAW AND ARGUMENT …………………………………………………………………… 2

A.    AVIO'S CASE SHOULD BE DISMISSED FOR FAILURE TO APPEAR AT DEPOSITION ................2

B.    RELIEF REQUESTED …………………………………………………………………… 8

**HARVEY KRUSE**
ATTORNEYS & COUNSELORS   A PROFESSIONAL CORPORATION
1050 WILSHIRE DRIVE, SUITE 320, TROY, MICHIGAN 48084-1526   248-649-7800

# **INDEX OF AUTHORITIES**

**Cases**

*Bass v. Jostens, Inc.,* 71 F.3d 237 (6th Cir., 1995) ………………………………………… 5

*Beil v Lakewood Engineering and Mfg. Co.,* 15 F3d 546 (6th Cir., 1994)………………………. 5

*Blood v. City of Bay City*, 2013 U.S. Dist. LEXIS 11344, Case No. 12-11249
 (E.D. Mich. 2013)……………………………………………………………………… 6

*Freeland v. Amigo*, 103 F.3d 1271, 1277 (6th Cir. 1997) ……………………………………… 5

*Harris v. Allstate Ins. Co.*, 2006 U.S. Dist. LEXIS 27486, Case No. 05-40155
 (E.D. Mich. 2006)……………………………………………………………………… 6

*Regional Refuse Systems, Inc. v. Inland Reclamation Co.,* 842 F.2d 150 (6th Cir. 1988)………… 5

*United States of Am. v. Reyes*, 307 F.3d 451 (6th Cir., 2002)……………………………………. 5

**Other Authorities**

7-37 Moore's Federal Practice – Civil § 37.9 …………………………………………………. 3

**Rules**

Federal Rule Civ. P. 37……………………………………………………………………2, 3, 4, 6, 7

**HARVEY KRUSE**
ATTORNEYS & COUNSELORS   A PROFESSIONAL CORPORATION
1050 WILSHIRE DRIVE, SUITE 320, TROY, MICHIGAN 48084-1526   248-649-7800

**QUESTION PRESENTED**

I. SHOULD PLAINTIFF'S CASE BE DISMISSED FOR REFUSAL TO ATTEND DEPOSITION?

HARVEY KRUSE
ATTORNEYS & COUNSELORS   A PROFESSIONAL CORPORATION
1050 WILSHIRE DRIVE, SUITE 320, TROY, MICHIGAN 48084-1526   248-649-7800

## FACTS

Defendants originally scheduled plaintiff Avio's corporate representative for deposition at the earliest date available for Avio, April 15, 2013.[1] (3/14/13 Notice of Deposition and Proof of Service, Ex 1)  Unfortunately, defense counsel had to cancel the April 15, 2013 deposition due to an unexpected illness.  (4/15/13 Email, Ex 2)  The very next day, April 16, 2013, defendants attempted to reschedule the deposition of Avio's corporate representative over the telephone and requested new dates from Avio's counsel.  (4/23/13 Email, Ex 3)  Defendants received no response.  On April 23, 2013, defendants again called Avio requesting deposition dates and followed up with an email to this effect.  (4/23/13 Email, Ex 3)  Defendants still received no response.

On May 2, 2013, defendants sent the following re-notice of deposition to Avio, which stated:

> PLEASE TAKE NOTICE THAT ON the 16<u>th</u> day of May, 2013 at 10:00 a.m., Defendants, Alfoccino of Auburn Hills, Inc. and Alfoccino, Inc., by and through their attorneys, Harvey Kruse, P.C., will take the deposition of a representative of the Plaintiff, Avio, Inc., at the offices of Sommers Schwartz, P.C., located at One Towne Square, Suite 1700, Southfield, Michigan 48076. [5/2/13 Re-Notice of Deposition and Proof of Service, Ex 4]

Defendants received no response to its request to depose Avio's corporate representative. Instead, six days later, on May 8, 2013, Avio filed a motion seeking costs and attorney fees for the cancelled deposition on April 15, 2013.  Defendants filed their response on May 15, 2013. The Court has not yet issued an order on this motion.

---

[1] Defendants tried to schedule Avio's representative for deposition in mid-March but Avio advised that it needed a date in April and the earliest mutually available date was April 15, 2013 (after the close of discovery).  Avio nevertheless agreed to produce its corporate representative after the Court's original discovery cutoff date. Defendants also filed a motion to extend discovery dates on March 22, 2013.  This motion is still pending before this Court.

1

Despite defendants' attempts to keep discovery moving, in a telephone conference on May 15, 2013, Avio advised defendants that the Avio corporate representative would not appear at the scheduled deposition on May 16, 2013. Avio did not provide any explanation for the refusal to appear. Nor did Avio provide any alternative dates for the deposition to occur. Accordingly, defendants sent an email on May 15, 2013 referencing this discussion and requesting that Avio provide alternative dates for the deposition by the end of the week. (*See* 5/15/13 Email, Exhibit 5)

Avio did not respond to defendants' request until seven (7) days later on May 22, 2013. At that time, instead of providing any deposition dates or times, Avio advised that "[w]e will consider producing the plaintiff for dep after the court rules on our motion for sanctions or you reimburse for the time and expenses incurred." (5/22/13 Email, Exhibit 6) Defendants advised Avio that it was going to file a motion to dismiss plaintiff's case or to compel the deposition. *See id.*[2]

Defendants certify that they have in good faith conferred with Avio's counsel in an effort to schedule the deposition of its corporate representative but Avio continues its refusal to schedule the deposition and this motion is therefore necessary.

## LAW & ARGUMENT

**A. AVIO'S CASE SHOULD BE DISMISSED FOR FAILURE TO APPEAR AT DEPOSITION**

Federal Rule Civ. P. 37(d) controls when a party refuses and fails to appear for a noticed deposition and states as follows:

> **(d) Party's Failure to Attend Its Own Deposition, Serve Answers to Interrogatories, or Respond to a Request for Inspection.**
>
> (1) *In General.*

---

[2] Defendants also had to file a motion to compel Avio to provide complete responses to discovery in this case. This motion is currently pending before the Court. This shows an ongoing refusal by Avio to cooperate in the discovery process.

2

(A) Motion; Grounds for Sanctions. The court where the action is pending may, on motion, order sanctions if:

   (i) *a party or a party's officer, director, or managing agent--or a person designated under Rule 30(b)(6) or 31(a)(4)--fails, after being served with proper notice, to appear for that person's deposition*; or

   (ii) a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response.

(B) Certification. A motion for sanctions for failing to answer or respond must include a certification that the movant has in good faith conferred or attempted to confer with the party failing to act in an effort to obtain the answer or response without court action.

(2) *Unacceptable Excuse for Failing to Act. A failure described in Rule 37(d)(1)(A) is not excused on the ground that the discovery sought was objectionable*, unless the party failing to act has a pending motion for a protective order under Rule 26(c).

(3) *Types of Sanctions.* **Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).** Instead of or in addition to these sanctions, the court *must* require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

The sanctions permitted under Rule 37(b)(2)(A)(i)-(vi) include *dismissal* of the offending party's cause of action:

(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
(iii) striking pleadings in whole or in part;
(iv) staying further proceedings until the order is obeyed;
*(v) dismissing the action or proceeding in whole or in part;*
(vi) rendering a default judgment against the disobedient party

7-37 Moore's Federal Practice – Civil § 37.9 provides guidance on the sanctions available for a party's failure and refusal to appear for a deposition:

3

In summary, the first two subdivisions of Rule 37 contemplate a system of progressive discipline. Initially, shortcomings in discovery responses trigger either no sanction at all, if the position taken by the responding party was substantially justified, or only a modest monetary penalty, limited to the expenses the propounding party incurred in making the motion. Harsher sanctions are available only if this limited initial judicial intervention fails to motivate the responding party to satisfy its discovery obligations.

The function of Rule 37(d) becomes clear against this backdrop. *In view of the fact that this provision was positioned toward the end of Rule 37, and outside the system of progressive discipline established in subdivisions (a) and (b), it appears that the drafters expected the type of misconduct that would trigger sanctions pursuant to subdivision (d) to occur relatively rarely. The misconduct at which subdivision (d) is directed consists of a party's complete failure to respond, by way of appearance*, objection, answer, or motion for protective order, to a discovery request. *Such a complete failure strikes at the very heart of the discovery system, and threatens the fundamental assumption on which the whole apparatus of discovery was designed, that in the vast majority of instances, the discovery system will be self-executing*. It provides the propounding party with no evidence at all, no basis to begin to understand the grounds for objection, and thus no basis for a dialogue that might refine and move the discovery process forward. *It is precisely because outright failures to respond to discovery halt the case development process dead in its tracks, and threaten the underpinnings of the discovery system, that subdivision (d) of Rule 37 authorizes district courts, in responding to this kind of misconduct, to pass over the system of progressive discipline that is established in the first two subdivisions of Rule 37, and to impose in the first instance any of a wide range of sanctions.*

*Thus, if a party (or its agent or designee) does not appear for a properly noticed deposition,* does not answer or object to interrogatories properly served, or does not make a written response to a proper request for production or inspection*, the court may impose sanctions directly, without first issuing an order to compel discovery.* In this respect, Rule 37(d) makes it abundantly clear that a party properly served has an absolute duty to respond in some fashion, and that the court in which the action is pending may enforce this obligation by imposing potentially severe sanctions.

In short, the purpose of Rule 37(d) is to authorize the courts to directly punish the most blatant forms of discovery noncompliance, and to deter such conduct in the future. [Emphasis added, footnotes omitted.]

The District Court's discretion to dismiss an action is an important tool in its arsenal used to control litigation: "The use of dismissal as a sanction for failing to comply with discovery has been upheld because it accomplishes the dual purpose of punishing the offending party and

**HARVEY KRUSE**
ATTORNEYS & COUNSELORS    A PROFESSIONAL CORPORATION
1050 WILSHIRE DRIVE, SUITE 320, TROY, MICHIGAN 48084-1526   248-649-7800

4

deterring similar litigants from such misconduct in the future." *Bass v. Jostens, Inc.,* 71 F.3d 237, 241 (6th, 1995). "A district court does not abuse its discretion in dismissing a case, 'even though other sanctions might be workable, if dismissal is supported on the facts.'" *Beil v. Lakewood Engineering & Mfg. Co.,* 15 F.3d 546, 552 (6th Cir., 1994), quoting *Regional Refuse Sys., Inc. v. Inland Reclamation Co.,* 842 F.2d 150, 155 (6th Cir., 1988). The party challenging the dismissal bears the burden of showing that he could not comply with the discovery request. *Beil*, *supra* at 552. *Bass* explains that the party's ability to comply with the discovery request is an important consideration: "if a party has the ability to comply with a discovery order and does not, dismissal is not an abuse of discretion." *Bass*, *supra* at 241.

The Sixth Circuit has articulated four factors to consider when deciding whether dismissal is appropriate:

> The first factor is whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault; the second factor is whether the adversary was prejudiced by the party's failure to cooperate in discovery; the third factor is whether the party was warned that failure to cooperate could lead to the sanction; and the fourth factor in regard to a dismissal is whether less drastic sanctions were first imposed or considered. [*Freeland v. Amigo*, 103 F.3d 1271, 1277 (6th Cir., 1997).]

In *United States of Am. v. Reyes*, 307 F.3d 451 (6th, 2002), the Sixth Circuit affirmed the dismissal of a party's claim for failure to cooperate in discovery even though no court order was violated. This case involved a criminal forfeiture action for property. Juan Acevedo received notice of the intended forfeiture of the real property and filed an action claiming he was a warranty deed holder in the property. The Government filed discovery requests seeking documentation from Acevedo concerning the sources of the cash payments made for the property but Acevedo never provided these documents. The Government then filed a motion to strike Acevedo's claim and the District Court dismissed the case based on Acevedo's refusal to comply with discovery.

5

The Court of Appeals affirmed this decision stating that "the district court had authority under Rule 37(d), which incorporates the sanctions allowed under Rule 37(b)" to dismiss Acevedo's claim even though he did not violate any order compelling discovery. *Id*. at 457. The Court noted that it was Acevedo's burden to show that this failure to comply with the requested discovery was "due to inability, not willfulness or bad faith" and that he offered no such evidence in this case. *Id*. at 458. The Court did not consider the district court's dismissal without first considering alternative sanctions an abuse of discretion. *See id*.

*See also Blood v. City of Bay City*, 2013 U.S. Dist. LEXIS 11344, Case No. 12-11249 (E.D. Mich. 2013) (dismissing plaintiff case for his failure to comply with discovery, including a failure to attend his deposition); *Harris v. Allstate Ins. Co.*, 2006 U.S. Dist. LEXIS 27486, Case No. 05-40155 (E.D. Mich. 2006) (dismissing plaintiffs' case because plaintiffs failed to appear for their depositions and noting that plaintiffs were afforded notice that dismissal may occur based on defendant's motion to dismiss).[3]

Dismissal is an appropriate remedy in this case. Avio's failure to appear for its deposition was willful and deliberate. Defendants provided Avio with every opportunity to select a mutually convenient date and time for the deposition but Avio never responded. When defendants noticed the deposition for Avio's corporate representative for May 16, 2013, Avio waited until the last day before the deposition to advise defendants it was not attending because of a pending motion for sanctions against defendants it had filed on May 8, 2013 (a week earlier). Again, Avio stated: ***"[w]e will consider producing the plaintiff for dep after the court rules on our motion for sanctions or you reimburse for the time and expenses incurred."*** (5/22/13 Email, Exhibit 6). This is despite defendants' response to that motion explaining the innocent nature of counsel's inability to attend the deposition and why an award of costs was inappropriate. In essence, Avio is attempting to extort monies it believes it is owed from

---

[3] All unpublished cases are attached to this brief as Ex 7.

6

defendants before Avio will produce its representative or it is just playing games. Neither of these is a valid reason to refuse to produce a deponent. Any remedy Avio could possibly have for the disputed costs is the subject of the pending motion with the Court and the Court, not Avio, will determine what, if any, relief is appropriate. Indeed, Rule 37(d)(2) specifically states that failure to appear for deposition is ***not*** excused based on any claim that the discovery was somehow objectionable unless there is a pending motion for protective order. Avio has never filed a motion for protective order regarding the requested deposition and has offered no viable excuse for its refusal to produce its corporate representative for the noticed deposition on May 16, 2013.

Defendants are prejudiced by Avio's actions. The need to take the deposition of Avio's corporate representative to prepare a defense to Avio's claims is obvious. The deposition of the plaintiff is fundamental and necessary discovery. Avio's improper conduct in refusing to participate in discovery has brought the discovery process to a halt in this case. Nor is this the first time Avio has failed to comply with discovery. Defendants have a motion to compel currently pending before this Court for Avio's failure to provide complete responses to written discovery. Avio has a pattern of ignoring discovery rules and Avio's obstructionist actions have hindered defendants' efforts to defend this case.

Further, defendants warned Avio that its failure to produce its corporate representative for deposition would result in a motion to dismiss its case. Defendants gave Avio every opportunity to correct its misconduct. Avio, however, disregarded this warning and defendants were forced to file this motion.

Avio's blatant failure to cooperate in the discovery process, like the claimant in *Reyes, supra*, warrants the dismissal of its claims in this case. Moreover, Avio's failures show it is not fit to serve the interests of any class it purports to represent.

7

**B. RELIEF REQUESTED**

For the above reasons, defendants request this Court grant their motion and dismiss plaintiff's case, or in the alternative compel plaintiff to produce its corporate representative for deposition within 30 days of this order or any other period as may be deemed appropriate by the Court, together with the costs and fees so wrongfully incurred in filing this motion.

    Respectfully submitted,

    HARVEY KRUSE, P.C.

    By: */s/ Jason R. Mathers*
    John R. Prew (P41891)
    Jason R. Mathers (P66022)
    Kimberly A. Kardasz (P57694)
    Attorneys for Defendants Alfoccino of Auburn Hills, Inc. and Alfoccino, Inc.,
    1050 Wilshire Drive, Suite 320
    Troy, MI 48084
    (248) 649-7800
    jmathers@harveykurse.com

DATED:     May 31, 2013

## CERTIFICATE OF SERVICE

I hereby certify that on May 31, 2013 Ielectronically filed the foregoing pleading with the Clerk of the Court via the Electronic Case Filing system which will send notice of filing to all attorneys of record.

    */s/ Lisa Simpkins*
    Harvey Kruse, P.C.
    1050 Wilshire Drive, Suite 320
    Troy, MI  48084-1526
    248-649-7800
    jmathers@harveykruse.com