No. 15-0106

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
May 24, 2016
DEBORAH S. HUNT, Clerk

In re: ALFOCCINO, INC.; D. TALIERCIO )
INVESTMENTS, INC.; FARSHID SHUSHTARI, )
                                                            )      O R D E R
        Petitioners.                  )

Before: COLE, Chief Judge; SILER and STRANCH, Circuit Judges.

      Defendants, Alfoccino, Inc., D. Taliercio Investments, Inc., and Farshid Shushtari, petition pursuant to Federal Rule of Civil Procedure 23(f) for permission to appeal the district court's interlocutory order certifying a plaintiff class. Plaintiff alleges that defendants violated the Telephone Consumer Protection Act, 47 U.S.C. § 227, by hiring Business to Business Solutions to send unsolicited fax advertisements. Defendants also move for leave to file a supplemental brief in support of their petition. Plaintiff opposes the petition and the motion to supplement.

      We have "broad discretion to grant or deny a Rule 23(f) petition, and any pertinent factor may be weighed in the exercise of that discretion." *In re Delta Air Lines*, 310 F.3d 953, 959 (6th Cir. 2002).

> "[T]he Rule 23(f) appeal is never to be routine. The sheer number of class actions and the unfortunately lengthy period necessary to complete an appeal weigh against permitting interlocutory appeals of class certification decisions in ordinary cases, which involve the application of well-established standards to the facts of a particular case."

No. 15-0106
-2-

*Id.* at 959–60.

Four specific factors guide our consideration. First, the "death-knell" factor recognizes "that the costs of continuing litigation for either a plaintiff or defendant may present such a barrier that later review is hampered." *Id.* at 960. Second, a novel or unsettled question of relevance not only in the litigation before us, but also to class litigation in general, would weigh more heavily in favor of review. *Id.* Third, the likelihood of the petitioner's success on the merits is a factor to be considered. *Id.* Fourth, the posture of the case in the district court is relevant. *Id.*

Upon consideration, we conclude that these factors do not weigh in favor of interlocutory review. There are no facts unique to defendants' case or unsettled questions relevant to class litigation in general. Moreover, granting defendants' motion to file a supplemental brief does not change our conclusion. The district court should consider, in the first instance, what effect, if any, the Supreme Court's recent decision in *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663 (2016), has on the issue of class certification. "The district court maintains substantial discretion in determining whether to certify a class, as it possesses the inherent power to manage and control its own pending litigation." *Beattie v. CenturyTel, Inc.*, 511 F.3d 554, 559 (6th Cir. 2007).

The motion for leave to file a supplemental brief is **GRANTED**; the petition for leave to appeal is **DENIED**.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk

# UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

Deborah S. Hunt
Clerk

100 EAST FIFTH STREET, ROOM 540
POTTER STEWART U.S. COURTHOUSE
CINCINNATI, OHIO 45202-3988

Tel. (513) 564-7000
www.ca6.uscourts.gov

Filed: May 24, 2016

Mr. John Richard Prew
Harvey Kruse
1050 Wilshire Drive
Suite 320
Troy, MI 48084

Re: Case No. 15-106, *In re: Alfoccino, Inc., et al*
Originating Case No. : 2:10-cv-10221

Dear Mr. Prew,

The Court issued the enclosed (Order/Opinion) today in this case.

Sincerely yours,

s/Robin Baker
Case Manager
Direct Dial No. 513-564-7027

cc: Mr. Phillip Andrew Bock
    Mr. David J. Weaver

Enclosure

No mandate to issue