UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AVIO, INC., individually and as
the representative of a class of
similarly situated persons,

    Plaintiff,                                      Case No. 10-10221

v.                                                 Hon. Gerald E. Rosen

ALFOCCINO, INC., D. TALIERCIO
INVESTMENTS, INC. and FARSHID
(TONY) SHUSHTARI,

    Defendants.
_____/

**ORDER DENYING DEFENDANTS'
MOTIONS FOR STAY OF PROCEEDINGS AND
FOR LEAVE TO DEPOSIT FUNDS WITH THE COURT**

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on     September 28, 2016

PRESENT: Honorable Gerald E. Rosen
                    United States District Judge

In an amended opinion and order dated December 14, 2015, the Court granted Plaintiff's motion to certify a class in this case alleging that non-party Business–to-Business Solutions sent "junk faxes" to thousands of recipients on Defendants' behalf in violation of the Telephone Consumer Protection Act

("TCPA"), 47 U.S.C. § 227.  Defendants sought permission under Fed. R. Civ. P. 23(f) to appeal this class certification ruling, but the Sixth Circuit Court of Appeals denied this request in a May 24, 2016 order.

Two motions presently are pending before the Court.  In the first, Defendants requested a stay of proceedings pending (i) an anticipated Supreme Court ruling, and (ii) the Sixth Circuit's decision on Defendants' Rule 23(f) petition for leave to appeal this Court's class certification ruling.  Since this motion was filed, the Supreme Court issued its decision in the case cited in Defendants' motion, *see Campbell-Ewald Co. v. Gomez,* 136 S. Ct. 663 (2016), and the Sixth Circuit, as noted, acted on Defendants' Rule 23(f) petition for leave to appeal.  In addition, while Defendants filed a supplemental brief suggesting that a stay was warranted pending the Supreme Court's decision in yet another case, the Supreme Court has now ruled in this case as well.  *See Spokeo, Inc. v. Robins,* 136 S. Ct. 1540 (2016).  Accordingly, the Court denies Defendants' request for a stay as moot.

In their second pending motion, Defendants request leave to deposit funds with the Court pursuant to Fed. R. Civ. P. 67, under the premise that these funds, if disbursed to the named Plaintiff, would provide complete relief to this party and thereby moot its TCPA claim.  In an earlier effort to moot the claim of the named

Plaintiff, undertaken prior to this Court's class certification ruling, Defendants made an offer of judgment to Plaintiff under Fed. R. Civ. P. 68(a), but Plaintiff did not accept this offer, and it therefore was deemed withdrawn under Fed. R. Civ. P. 68(b). Moreover, to the extent that Defendants maintained that their offer of judgment, even if not accepted, operated to moot Plaintiff's claim, the Supreme Court squarely addressed and rejected this contention in *Campbell-Ewald,* 136 S. Ct. at 672, holding that "an unaccepted . . . offer of judgment does not moot a plaintiff's case."

Undeterred, Defendants have made two additional efforts to moot the named Plaintiff's TCPA claim, both undertaken ***after*** the Court granted Plaintiff's motion for class certification. First, Defendants sent checks to Plaintiff's counsel reflecting the amounts offered in Defendants' Rule 68 offer of judgment, but these checks were returned uncashed. Next, Defendants have filed the present motion, seeking leave to deposit with the Court the funds that they have unsuccessfully offered to Plaintiff on two prior occasions. In support of this motion, Defendants explain that they "seek to preserve" their argument that through one or more of the above-cited efforts, whether alone or in combination, they have rendered moot the TCPA claim of the named Plaintiff. (Defendants' Motion for Leave to Deposit

Funds, Br. in Support at 3.)[1]

The Court finds that the deposit of funds requested by Defendants would not have the desired effect, and thus would be futile. It makes all the difference, under the relevant law, that Defendants are pursuing this effort ***after*** the Court granted Plaintiff's motion for class certification. The Sixth Circuit has long recognized, and recently reaffirmed, that "*[o]nce a class is certified,* the mooting of the named plaintiff's claim does not moot the action," and that "the court continues to have jurisdiction to hear the merits of the action if a controversy between any class member and the defendant exists." *Brunet v. City of Columbus,* 1 F.3d 390, 399 (6th Cir. 1993) (emphasis in original); *see also Wilson v. Gordon,* 822 F.3d 934, 942 (6th Cir. 2016). "This is because once a class is certified, the class of unnamed persons described in the certification acquires a legal status separate from the interest asserted by the named plaintiff." *Wilson,* 822 F.3d at 942 (alteration, internal quotation marks and citation omitted). Thus, even assuming the deposit of funds proposed by Defendants would moot the TCPA claim asserted by the named Plaintiff — a difficult question left open by the Supreme Court in *Campbell-Ewald,* 136 S. Ct. at 672, and which the Court need

---

[1] The Court notes that Defendant's motion and accompanying brief lack page numbers, in violation of Local Rule 5.1(a)(2) of this District.

not address here — the members of the Plaintiff class would still be entitled to pursue their TCPA claims, and the Court would have jurisdiction to hear the merits of these claims.

The Court recognizes that Defendants continue to disagree with its class certification ruling.  Yet, even assuming they eventually succeed in having this decision overturned, Defendants would then be able to revisit their request to deposit funds with the Court in a renewed effort to moot this case.  Defendants fail to suggest why it is necessary to make the requested deposit of funds *now,* prior to the forthcoming trial, in order to "preserve" an argument that is presently unavailable but might hypothetically become available in light of possible post-trial developments.  Neither has the Court been able to identify any reason why Defendants' request should be granted at the present juncture.

For these reasons,

NOW, THEREFORE, IT IS HEREBY ORDERED that Defendants' January 19, 2016 motion for stay of proceedings (docket #149) is DENIED AS MOOT.  IT IS FURTHER ORDERED that Defendants' March 21, 2016 motion for leave to deposit funds with the Court (docket #157) is DENIED.  In light of these rulings, the Court will issue a notice directing the parties to attend a status conference addressing notification of the Plaintiff class, preparation for trial, and the

possibility of pursuing a class-wide settlement.

s/Gerald E. Rosen
United States District Judge

Dated: September 28, 2016

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 28, 2016, by electronic and/or ordinary mail.

        s/Julie Owens
        Case Manager, (313) 234-5135