# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

AVIO, INC., individually and as the
representative of a class of
similarly-situated persons,

                    Plaintiff,

            v.

ALFOCCINO, INC., et al.,

                   Defendants.

)
)
)
)
)
)
)
)
)
)
)
)

No. 10 CV 10221

Hon. Victoria Roberts

## AGREED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND NOTICE TO THE CLASS

Plaintiff, Avio, Inc. ("Plaintiff"), on behalf of itself and a proposed

settlement class of similarly-situated persons (identified herein as the

"Settlement Class"), respectfully requests, pursuant to Fed. R. Civ. P.

23 (e), that the Court enter an order (1) preliminarily approving the

parties' proposed class action Settlement Agreement (the "Agreement")

attached to Plaintiff's supporting brief as Exhibit A, (2) approving the

form of Class Notice attached as Exhibit 1 to the Agreement and its

dissemination to the Settlement Class by fax, and (3) setting dates for

opt-outs, objections, and a fairness hearing to take place no sooner than

90 days after the government officials receive the notice CAFA requires

(to be served by defense counsel no later than 10 days after this motion, which attaches the Agreement, is filed with the Court).

A proposed Preliminary Approval Order is attached as Exhibit 3 to the Agreement and will be submitted to the Court electronically. This motion is unopposed.

Plaintiff has filed a brief in support of this motion.

Respectfully submitted,

/s/ Phillip A. Bock
One of Plaintiff's Attorneys

Jason Thompson
SOMMERS SCHWARTZ, P.C.
One Towne Square, Suite 1700
Southfield. MI 48076
Telephone: (248) 415-3206
Facsimile: (248) 746-4001

Phillip A. Bock
Tod A. Lewis
David M. Oppenheim
BOCK, HATCH, LEWIS &
OPPENHEIM LLC
134 N. La Salle Street, Suite 1000
Chicago, IL 60602
Telephone: 312/658-5500

Brian J. Wanca
Ryan M. Kelly
ANDERSON + WANCA
3701 Algonquin Road, Suite 500
Rolling Meadows, IL 60008
Telephone: (847) 368-1500
Facsimile: (847) 368-1501

*Attorneys for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| AVIO, INC., individually and as the representative of a class of similarly-situated persons, | ) ) ) ) | |
| Plaintiff, | ) ) | No. 10 CV 10221 |
| v. | ) ) | Hon. Victoria Roberts |
| ALFOCCINO, INC., et al., | ) ) | |
| Defendants. | ) | |

## BRIEF IN SUPPORT OF PLAINTIFF'S MOTION
## FOR PRELIMINARY APPROVAL OF
## CLASS ACTION SETTLEMENT AND NOTICE TO THE CLASS

Plaintiff, Avio, Inc. ("Plaintiff"), on behalf of itself and a proposed settlement class of similarly-situated persons (identified herein as the "Settlement Class"), respectfully requests that the Court preliminarily approve the parties' proposed class action settlement (Exhibit A) and, in support thereof, states as follows:

## STATEMENT OF THE ISSUES

Whether the parties' Settlement Agreement is "fair, reasonable and adequate" for the absent class members.

Whether the contents of the Class Notice agreed upon by the Parties are clear and concise, and meet the requirements of Rule 23 (c) (3).

Whether the agreed upon method for sending the Class Notice is reasonable, as required by under Rule 23 (e) (1).

## CONTROLLING AUTHORITY

- Federal Rule of Civil Procedure 23;

- *Int'l Union, United Auto, Aerospace and Implement Workers of America v. General Motors Corp.,* 497 F.3d 615, 631 (6th Cir. 2007);

- *Ramey v. Cincinnati Enquirer, Inc.,* 508 F.2d 1188, 1196 (6th Cir. 1974);

## I.   Background of the litigation.

1.   Plaintiff's Second Amended Complaint alleges that Defendants sent unsolicited facsimiles to Plaintiff and others in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA"). The action seeks statutory damages.

2.   Plaintiff contends that Defendants' advertisements were successfully sent 13,975 times to 7,649 unique fax numbers.

3.   Defendants were initially granted summary judgment on the issue of whether they were "senders" under the TCPA. Plaintiff successfully appealed that ruling and the case was remanded for further proceedings. *See Imhoff Investment, LLC v. Alfoccino, Inc.*, 792 F.3d 627 (6th Cir. 2015).

4.   Following remand, the Court granted class certification by order of December 14, 2015, certifying the following "Class": "All persons sent one or more faxes on November 13, 2006, December 4, 2006, or December 5, 2006 from "Alfoccino Restaurant" with a coupon offering "15% OFF Your Total Catering or Banquet Food Bill Up to $100" and listing the website www.alfoccino.com." The proposed settlement is on behalf of this Class.

3

5.     Defendants have denied liability to Plaintiff and the other members of the Class on a variety of legal and factual grounds, including arguments that Plaintiff and Plaintiff's counsel are inadequate representatives of the Class, that individual issues of consent and EBR should prevent class treatment, that the class should not include any person who did not own the receiving fax machine, that some of the class members may not have printed the faxes at issue to paper, and that the class members are not ascertainable because the lists are so old. Plaintiff denies the merits of these arguments.

6.     Defendants have little ability to pay a settlement or judgment other than through their insurance policies. Defendants have policies with Argonaut Great Central Insurance Company ("Argonaut") and Badger Mutual Insurance Company ("Badger") (collectively, the "Insurers"). Both Insurers have raised coverage defenses, and they are defending this case under a reservation of rights.

7.     Following a mediation conducted by independent mediator Thomas Peters of Vanderveer Garzia, P.C., the parties and the Insurers negotiated a formal, written settlement agreement, drafted proposed

court orders, and drafted a proposed notice to the absent class members;
and now they submit their Agreement to the Court.

## II.  Summary of the settlement.

8.  If finally approved by the Court after notice to the
Settlement Class, the parties' settlement agreement would resolve this
action and the controversy about Defendants' fax advertisements sent
during the period from November 13, 2006 to December 5, 2006 (the
"Class Period").

9.  Plaintiff, Defendants, and the Insurers negotiated the
settlement after reviewing and analyzing the legal and factual issues
presented by this action, the risks and expenses involved in pursuing
the lawsuit to conclusion, the likelihood of additional litigation here and
in two separate insurance coverage actions, and the likelihood, costs,
and possible outcomes of one or more procedural and substantive
appeals. They also reviewed and analyzed the legal and factual issues
surrounding the questions and extent of Defendants' insurance
coverage. Based upon their review and analysis, Plaintiff, Defendants,
and the Insurers agreed to and executed the Agreement.

10.  The Agreement's key terms are as follows:

5

a.   <u>Certification of a Settlement Class</u>. The Parties have stipulated to certification of a Rule 23 (b) (3) "Settlement Class" defined as follows: "All persons sent one or more faxes on November 13, 2006, December 4, 2006, or December 5, 2006 from "Alfoccino Restaurant" with a coupon offering "15% OFF Your Total Catering or Banquet Food Bill Up to $100" and listing the website www.alfoccino.com." Excluded from the Settlement Class are (a) Defendants and their present and former officers, directors, employees, shareholders, insurers, and their successors, heirs, assigns, and legal representatives; and (b) the Court and its officers. *See* Agreement, <u>Exhibit A</u>, at ¶ 3.

b.   <u>The Class Representative and Class Counsel</u>. The parties have agreed that Plaintiff is the Class Representative and that Plaintiff's attorneys (Phillip A. Bock of Bock, Hatch, Lewis & Oppenheim LLC, Brian J. Wanca of Anderson + Wanca, and Jason J. Thompson of Sommers Schwartz, P.C.) are Class Counsel for the Settlement Class. *Id*. The Court previously appointed these lawyers as class counsel in its class certification order.

6

      c.    <u>Monetary Relief to the Members of the Settlement Class</u>. Defendants, by and through the Insurers, have agreed to make available a total of $6,987,500.00 (the "Settlement Fund") to pay valid class member claims, to pay an incentive payment to Plaintiff, to pay attorney's fees and litigation costs and expenses to Class Counsel, including administrative costs incurred by the Settlement Administrator, as approved by the Court. Any money left in the Settlement Fund after payments to claiming class members, to the Class Representative, and to Class Counsel, would revert to and be kept by the Insurers. *Id.*, ¶¶ 1ll, 5, 8.

      d.    <u>Class Notice</u>. The parties have agreed to notify the Settlement Class about the settlement by sending the notice and targeted with Defendant's fax transmissions, by U.S. Mail to the addresses associated with those fax numbers for any fax notice that fails after three attempts, and by publishing the notice and claim form on the Settlement Administrator's website. The notice includes instructions about opting out, objecting, or submitting a claim form by fax or mail or electronically to the Settlement Administrator and includes Class Counsel's direct dial telephone

numbers for people to call with questions. *Id.*, ¶¶ 4, 7 and Exhibit 1 thereto.

     e.   <u>Claims</u>.

     (i)   <u>Claim Form</u>. A person must identify himself/herself/itself as the holder/owner of one or more of the involved fax numbers during Defendants' fax advertising campaign to claim relief as a class member. The class notice includes a simple, one-page claim form for submitting such claims for payment. The claim form is the fourth page of the Notice (Exhibit 1 to the Settlement Agreement). On the claim form a person must affirm that a fax number identified in Defendants' fax broadcaster's records as having been sent one or more advertisements was that person's fax number during the Class Period. A person submitting a timely and valid Claim Form will be mailed a payment of the lesser of $500.00 per fax that was sent to that fax number (per the records produced in the Litigation) or a *pro rata* share of the Settlement Fund after the other required payments are subtracted. The claimant need not possess any

copy of the junk fax at issue, need not remember receiving the junk fax at issue, and need not know anything about Defendants. Rather, the claimant must merely identify himself/herself/itself as a member of the Settlement Class by verifying ownership of one or more targeted fax numbers during November and December 2016.  The claimant must also provide his/her/its tax identification number/social security number for IRS tax reporting purposes. *Id.*, ¶ 8 and Exhibit 1 thereto.

(ii)   <u>Settlement Administrator</u>. Subject to the Court's approval, a company named Class-Settlement.com will be the "Settlement Administrator," and as such will issue the class notice, maintain the settlement website, assist class members in completing and submitting forms, receive the claim forms and tax identifying information, and provide a list of approved and rejected claims to counsel for the parties. The Settlement Administrator will provide copies of all approved claim forms to counsel for the parties. The

9

decision of the Settlement Administrator regarding the approval of claims shall be final and binding. *Id.*, ¶ 6.

    f.   <u>Release</u>. The Settlement Class will release all claims that were brought or which could have been brought in this action against Defendants and the other released parties about Defendants' advertisements sent by fax during the Class Period defined in Paragraph 8 above. *Id.*, ¶ 14.

    g.   <u>Attorney's Fees and Costs and Class Representative Award</u>. At the final approval hearing, as indicated in the class notice, Class Counsel will apply to the Court to approve an award of attorney's fees equal to one-third of the Settlement Fund ($2,329,166.67), plus reasonable out-of-pocket expenses. Class Counsel will also ask the Court to approve an award of $15,000.00 to plaintiff, Avio, Inc., for serving as the Class Representative throughout the Litigation. *Id.*, ¶ 12.

## III.  The Court should preliminarily approve the settlement.

### A.  The proposed settlement is within the range of possible approval.

11.   A district court's review of a proposed class action settlement is typically a two-step process. The first step is to hold a preliminary

fairness hearing prior to notifying the class members about the proposed settlement. *Tennessee Ass'n Health Mntce. Orgs. v. Grier,* 262 F.3d 559, 565-66 (6th Cir. 1983). The purpose of that preliminary hearing is to determine whether the proposed settlement is "within range of possible approval." *In re General Motors Corporation Engine Interchange Litigation,* 594 F. 2d 1006, 1124 (7th Cir. 1979). The second step is to hold a final approval hearing after notice to the absent class members, at which time the Court can consider any objections lodged by class members or a government official pursuant to CAFA, before deciding whether to approve the settlement and enter judgment.

**B. Standard for judicial evaluation and approval.**

12. A court may approve a class action settlement if the settlement "is fair, reasonable, and adequate." Fed. R. Civ. P. 23 (e) (1) (C); *Int'l Union, United Auto, Aerospace and Implement Workers of America v. General Motors Corp.,* 497 F.3d 615, 631 (6th Cir. 2007). It is well-established that there is an overriding public interest in settling and quieting litigation, and this is particularly true in class actions. *See Int'l Union,* 477 F.3d at 632 (noting "the federal policy favoring settlement of class actions"). If the court finds that the settlement falls

"within the range of possible approval," the court should grant

preliminary approval and authorize the parties to notify the class

members about the settlement. *Gautreaux v. Pierce*, 690 F.2d 616, 621

n.3 (7th Cir. 1982).

### C. Factors considered in determining whether a settlement is fair, reasonable, and adequate.

13.     In finally determining whether the settlement is fair,

reasonable, and adequate, the trial court will consider the following

factors: "(1) the risk of fraud or collusion; (2) the complexity, expense

and likely duration of the litigation; (3) the amount of discovery

engaged in by the parties; (4) the likelihood of success on the merits; (5)

the opinions of class counsel and the class representatives; (6) the

reaction of absent class members; and (7) the public interest." *Brent v.*

*Midland Funding, LLC,* 2011 WL 3862363 at *12 (N. D. Ohio 2011),

*citing Int'l Union,* 497 F.3d at 632.

14.     At the preliminary approval stage, "only certain of these

factors are relevant to the fairness inquiry." *Smith v. Ajax Manethermic*

*Corp.,* 2007 WL 3355080 at *6 (N.D. Ohio 2007). "In its preliminary

assessment of the fairness of the proposed settlement, the Court must

take care not to intrude upon the private settlement negotiations of the

parties any more than is necessary to determine that the agreement is not the result of fraud or collusion, and that it is fair and adequate in light of the potential outcome and the costs of litigation." *Id.*

15.    In this case, these factors show that the proposed settlement is within the range of possible approval and, therefore, that the Court (a) should permit the parties to notify the Settlement Class and (b) should schedule a fairness hearing to determine whether to finally approve the settlement.

16.    The parties' Agreement resulted from arm's-length negotiations between experienced counsel with an understanding of the strengths and weaknesses of their respective positions in this case, and with the assistance of a professional mediator. "[W]hen a settlement is the result of extensive negotiations by experienced counsel, the Court should presume it is fair." *In re Inter-Op Hip Prosthesis Liab. Litig.,* 204 F.R.D. 330, 351 (N.D. Ohio 2001), *citing Williams v. Vukovich*, 720 F.2d 909, 923 (6th Cir. 1983).

17.    Defendants' insurers have agreed to create a settlement fund to resolve the claims about the fax advertisements at issue. Each class member who does not opt-out of the Settlement Class and who submits

a timely and valid claim form will be mailed a check in an amount of the lesser of $500.00 per fax of Defendants sent to their fax number, or a *pro rata* share of the Settlement Fund after subtracting the other agreed payments for fees, expenses, and an incentive award to Plaintiff.

18.     Class members who submit claims are likely to recover their full statutory damages by returning a simple claim form. Without the settlement, the Class might not prevail or recover at all.

19.     Class action litigation is time consuming in terms of both pretrial and trial work. "Most class actions are inherently complex and settlement avoids the costs, delays and multitude of other problems associated with them." *Brent,* 2011 WL 3862363 at *16, *quoting In re Austrian and German Bank Holocaust Litig.,* 80 F. Supp. 2d 164, 174 (S. D. N. Y. 2000).

20.     This case is no exception. Defendants have denied liability and stated that they agreed to settle only to avoid the distraction and expense of defending protracted litigation and exposure to higher liability. There are risks attendant to further litigation in this matter, and substantial delay and expense. The decision to settle is reasonable considering the risks of continued litigation. This was a hard-fought

14

case that already involved one appeal (plus an unsuccessful attempt by Defendants to appeal the class certification ruling to the Sixth Circuit) with clear indication that the remaining litigation would remain contentious. Then, the parties would likely litigate one or more appeals after the litigation in the district court level concluded. In addition to the risk of losing, continued litigation would delay the class members' receipt of any recovery.

21.    The TCPA gives private citizens a right to sue to (i) enjoin future transmissions, (ii) recover the greater of actual monetary damages or $500 in damages for each junk fax, or (iii) obtain an injunction plus damages. If a court finds that the sender willfully or knowingly violated the TCPA, it may increase the award up to three times the amount of damages. Here, each class member who does not opt-out of this proposed settlement and who submits a timely and valid claim form will be mailed a check for $500.00 per fax Defendants sent their fax number(s), subject to possible reduction, and Defendants and the Insurers have agreed to pay the attorneys' fees and expenses of Class Counsel for conferring that benefit upon each class member. The total Settlement Fund is equal to $500.00 per fax at issue in this case.

22.    Plaintiff's attorneys believe this settlement is fair, reasonable, and adequate. Plaintiff's attorneys have litigated TCPA class actions since 2003. The Court appointed them class counsel in this case, and other courts have appointed them class counsel in TCPA cases, as well as in other types of class actions. *See, e.g., American Copper & Brass, Inc. v. Lake City Indus. Prods., Inc.*, Case No. 09-cv-1162 (W.D. Mich.), *affirmed by* 757 F.3d 540 (6th Cir. 2014); *APB Associates, Inc. v. Bronco's Saloon, Inc., et al.*, Case No. 09-CV-14959 (E.D. Mich.); *Compressors Engineering Corp. v. Manufacturers Financial Corp. et al.*, Case No. 09-CV-14444 (E.D. Mich.); *Jackson's Five Star Catering, Inc. v. Beason*, Case No. 10-CV-10010 (E.D. Mich.); *Compressors Engineering Corp. v. Thomas*, Case No. 10-CV-10059 (E.D. Mich.); *Imhoff Investments, LLC v. Sammichaels, Inc.* Case No. 10-CV-10996 (E.D. Mich.); *Van Sweden v. 101 VT, Inc.*, Case No. 10-CV-253 (W.D. Mich). *See also Hawk Valley v. Taylor*, Case No. 10-CV-804 (E.D. Pa.); *Hinman v. M&M Rental, Inc.*, Case No. 06-CV-1156 (N.D. Ill.); *The Savanna Group, Inc. v. Trynex, Inc.*, Case No. 10-CV-7995 (N.D. Ill.); *Sawyer v. Atlas Heating & Sheet Metal Works, Inc.*, Case No. 10-CV-331 (E.D. Wis.); *G.M. Sign, Inc. v. Finish Thompson, Inc.*, 08-CV-5953

(N.D. Ill.); *Targin Sign Systems, Inc. v. Preferred Chiropractic Center, Ltd.*, 09-CV-1399 (N.D. Ill.). Additionally, Plaintiff's counsel have successfully negotiated numerous class-wide settlements in TCPA cases.

23.     Based upon the foregoing, and the judgment of experienced class counsel, Plaintiff requests that the Court preliminarily approve the settlement.

## IV.   At final approval, Class Counsel will ask the Court to approve Defendants and the Insurers' agreement to pay Class Counsel's fees and expenses, and an award to Plaintiff, pursuant to the Agreement.

24.     At final approval, Class Counsel will request that the Court approve Defendants' agreement to pay them attorneys' fees equal to one-third of the Settlement Fund.

25.     It is well recognized that the attorneys' contingent risk is an important factor in determining the fee award. *Ramey v. Cincinnati Enquirer, Inc.,* 508 F.2d 1188, 1196 (6th Cir. 1974); *Florin v. Nationsbank of Georgia, N.A.*, 34 F.3d 560, 565 (7th Cir. 1994). The attorneys who create a benefit for the class members are entitled to compensation for their services. *Brent,* 2011 WL 3862363 at *19.

17

26.    Here, Class Counsel's request for one-third of the settlement fund is within the market rate for TCPA cases. *See, e.g., Avio Inc. v. Creative Office Solutions, Inc.*, 10-cv-10622 (E.D. Mich. Dec. 10, 2012) (Roberts, J.) (Doc. 31) (awarding one third of fund); *Imhoff Investment, LLC v. Sammichaels, Inc.*, Case No. 10-cv-10996 (E.D. Mich. Nov. 2, 2016) (Battani, J.) (Doc. 120) (same); *Jackson's Five Star Catering, Inc. v. Beason*, Case No. 10-CV-10010 (E.D. Mich. Apr. 15, 2015) (Tarnow, J.) (Doc. 90) (same); *American Copper & Brass, Inc. v. Lake City Indus. Prods., Inc.*, Case No. 09-cv-1162 (W.D. Mich. Mar. 1, 2016) (Doc. 278) (same); *Van Sweden, Inc. v. 101 VT, Inc.*, Case No. 10-cv-253 (W.D. Mich. July 30, 2015) (Doc. 245) (same); *Sandusky Wellness Center, LLC v. Wagner Wellness, Inc.*, Case No. 12-cv-2257 (N.D. Ohio Feb. 9, 2016) (Doc. 73) (same); *Hawk Valley, Inc. v. Taylor*, Case No. 10-cv-804 (E.D. Pa. Aug. 6, 2015) (Doc. 193) (same); *Sandusky Wellness Center, LLC v. Heel, Inc.*, 12-cv-1470 (N.D. Ohio Apr. 25, 2014) (Doc. 95) (same); *The Savanna Group, Inc. v. Trynex, Inc.*, Case No. 10-CV-7995 (N.D. Ill. Mar. 4, 2014) (Doc. 243) (same); *Sawyer v. Atlas Heating and Sheet Metal Works, Inc.*, Case No. 10-cv-331 (E.D. Wis. July 19, 2013) (Doc. 59) (35% of fund); *G.M. Sign, Inc. v. Finish Thompson, Inc.*, 08 C 5953

18

(N.D. Ill. Nov. 1, 2010) (Doc. 146) (same); *Saf-T-Gard International, Inc. v. Seiko Corp. of America*, No. 09 C 0776 (N.D. Ill. Jan. 14, 2011) (Doc. 100) (same).

27.     Defendants and their Insurers have agreed to pay Class Counsel one-third of the Settlement Fund as attorneys' fees, and also to pay their reasonable litigation costs and expenses. Class Counsel undertook this case on a contingency basis and achieved an excellent result in a fair and efficient manner.

28.     Obviously, the purpose of a class action lawsuit is to provide a benefit to class members, not to litigate for the sake of litigating. Class Counsel delivered significant benefits to the Settlement Class in the face of numerous potentially fatal obstacles. Tested by the potential infirmities of the case itself, there is little doubt that Class Counsel undertook a significant risk here and the fee award should reflect that risk. Class Counsel faced a significant risk of nonpayment, not only for their time but also for their out-of-pocket costs.

29.     The Class Notice informs the Settlement Class about the agreed and requested attorneys' fees and expenses, so that if any class member wishes to object he/she/it can do so.

19

30.    If the Court finds that the settlement is fair, reasonable, and adequate, then Class Counsel will ask the Court to approve the payment of fees to Class Counsel in an amount equal to one-third of the Settlement Fund, plus out of pocket litigation expenses.

31.    At final approval, Class Counsel will also request that the Court approve Defendants' payment to Plaintiff in the amount of $15,000.00 from the Settlement Fund for serving as the class representative.

32.    Such awards are appropriate to reward class representatives who have pursued claims on behalf of the class. *Moulton v. U. S. Steel Corp.,* 581 F. 3d 344, 351-52 (6th Cir. 2009); *In re Continental Illinois Securities Litig.,* 962 F.2d 566, 571-72 (7th Cir. 1992). "In deciding whether such an award is warranted, relevant factors include the actions the plaintiff has taken to protect the interests of the class, the degree to which the class has benefited from those actions, and the amount of time and effort the plaintiff expended in pursuing the litigation." *See Cook v. Niedert, et al.,* 142 F.3d 1004, 1016 (7th Cir. 1998).

33.     Plaintiff was a catalyst for the Settlement Class's recovery. Plaintiff filed and pursued the action. Plaintiff responded to discovery and stayed involved and informed. Its efforts greatly benefited the Settlement Class. Class Counsel will request that the Court award Plaintiff a payment of $15,000.00 for its efforts on behalf of the class. Other courts have approved similar awards in TCPA cases. *See, e.g., Imhoff Investment, LLC v. Sammichaels, Inc.*, Case No. 10-cv-10996 (E.D. Mich. Nov. 2, 2016) (Doc. 120) ($15,000.00); *Sandusky Wellness Center, LLC v. Wagner Wellness, Inc.*, Case No. 12-cv-2257 (N.D. Ohio Feb. 9, 2016) (Doc. 73) (same); *Hawk Valley, Inc. v. Taylor*, Case No. 10-cv-804 (E.D. Pa. Aug. 6, 2015) (Doc. 193) (same); *Jackson's Five Star Catering, Inc. v. Beason*, Case No. 10-CV-10010 (E.D. Mich. Apr. 15, 2015) (Doc. 90) (same); *Sandusky Wellness Center, LLC v. Heel, Inc.*, 12-cv-1470 (N.D. Ohio Apr. 25, 2014) (Doc. 95) (same); *The Savanna Group, Inc. v. Trynex, Inc.*, Case No. 10-CV-7995 (N.D. Ill. Mar. 4, 2014) (Doc. 243) (same).

## V.    The Court should approve notice to the Settlement Class.

34.     The parties propose to issue notice to the Settlement Class by facsimile, and by U.S. Mail to class members to whom facsimile

notice is unsuccessful. Additionally, both the Notice and Claim Form will be available on the Settlement Administrator's website. A copy of the proposed notice is attached as Exhibit 1 to the Agreement.

35.     Under federal law, notice of the settlement must satisfy due process. *Maher v. Zapata Corp.*, 714 F. 2d 436, 450-453 (5th Cir. 1983); *Walsh v. Great Atlantic & Pacific Tea Co.*, 726 F. 2d 956, 963 (3d Cir. 1983). The Court is vested with wide discretion both as to the way notice is given and its content. 7B Charles Alan Wright et al., FEDERAL PRACTICE AND PROCEDURE § 1797.6 (3d ed. 2005).

36.     Rule 23 (e) (i) (B) requires that notice of a settlement be provided "in a reasonable manner." Here, the parties have agreed to a reasonable manner of notice by sending it to the fax numbers at issue in the case, and, where a fax notice fails, to the names and addresses Plaintiff's expert identified with those particular fax numbers in the fax broadcaster's database. The simple, one-page claim form will be delivered with the notice, so that members of the Settlement Class may complete a claim form and return it immediately by fax, mail, or electronic upload to the Settlement Administrator. The notice and the

claim form were written with the goals of clarity and encouraging claims by class members.

37.     The contents of the notice "must clearly and concisely state in plain, easily understood language: (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23 (c) (3)." Here, the notice satisfies these requirements.

38.     The notice meets the legal standards for appropriate notice and satisfies Rule 23 (e). Therefore, the Court should approve the proposed notice and authorize its dissemination to the Class.

## VI.    The Court should schedule a final fairness hearing.

39.     Plaintiff requests that the Court schedule a hearing to determine whether the settlement should be finally approved. A proposed Final Approval of Agreement and Judgment is attached as Exhibit 3 to the Agreement.

## VII.   Conclusion.

WHEREFORE, Plaintiff respectfully requests that the Court enter a Preliminary Approval Order in the form attached as Exhibit 2 to the Agreement, granting preliminary approval of the proposed settlement, directing that the members of the Settlement Class be notified about the proposed settlement in the form and manner agreed by the parties (Exhibit 2 to the Agreement), and setting dates for opt-outs, objections, and a final approval hearing. The final approval hearing should be on a date no sooner than 90 days after the government officials receive the notice required by CAFA.

Respectfully submitted,

s/ Phillip A. Bock
One of Plaintiff's attorneys

Jason Thompson
SOMMERS SCHWARTZ, P.C.
One Towne Square, Suite 1700
Southfield. MI 48076
Telephone: (248) 415-3206
Facsimile: (248) 746-4001


Brian J. Wanca
Ryan M. Kelly
ANDERSON + WANCA
3701 Algonquin Road, Suite 500
Rolling Meadows, IL 60008
Telephone: (847) 368-1500
Facsimile: (847) 368-1501

Phillip A. Bock
Tod A. Lewis
David M. Oppenheim
BOCK, HATCH, LEWIS &
OPPENHEIM, LLC
134 N. La Salle Street, Suite 1000
Chicago, IL 60602
Telephone: 312/658-5500

*Attorneys for Plaintiff and the Class*

25

## <u>CERTIFICATE OF E-FILING AND SERVICE</u>

I hereby certify that on September 15, 2017, I electronically filed the foregoing using the Court's CM/ECF System, which will send notification of such filing to all counsel of record.

<u>s/ Phillip A. Bock</u>