# EXHIBIT A

# SETTLEMENT AGREEMENT

This Settlement Agreement is entered into by and among Plaintiff AVIO, INC., on behalf of itself and the Settlement Class of similarly-situated persons and Defendants ALFOCCINO, INC., D. TALIERCIO INVESTMENTS, INC., and FARSHID (TONY) SHUSHTARI (collectively, "Defendants"), and ARGONAUT GREAT CENTRAL INSURANCE COMPANY ("Argonaut") and BADGER MUTUAL INSURANCE COMPANY ("Badger") (collectively, the "Insurers") (collectively with Plaintiff, the "Parties"). This Agreement is entered into as of the date it is signed by the last of the Parties to sign it. Capitalized terms used herein are defined in Section II of this Settlement Agreement or indicated in parentheses elsewhere in this Settlement Agreement. Subject to Court's approval, the Parties hereby stipulate and agree that, in consideration for the promises and covenants set forth in this Settlement Agreement and upon the entry by the Court of a Final Approval Order and the occurrence of the Effective Date, the Litigation shall be settled and compromised upon the terms and conditions contained herein.

**WHEREAS**, Plaintiff and Defendants are parties to a civil action *Avio, Inc., Individually and as the Representative of a Class of Similarly Situated Persons v. Alfoccino, Inc.*, Case No. 10-CV-10221, pending in the United States District Court of the Eastern District of Michigan (the Litigation); and

**WHEREAS**, Plaintiff alleges on behalf of itself and a class that Defendants violated the federal Telephone Consumer Protection Act (TCPA), 47 U.S.C. Section 227, and FCC regulations by faxing advertisements without the prior express invitation or permission of Plaintiff or the putative class members, or without a valid opt-out notice; and

**WHEREAS**, Defendants deny all liability for the Claims made in the Litigation; and

**WHEREAS**, the Court certified a class over Defendants' objections defined as: All persons sent one or more faxes on November 13, 2006, December 4, 2006, or December 5, 2006 from "Alfoccino Restaurant" with a coupon offering "15% OFF Your Total Catering or Banquet Food Bill Up to $100" and listing the website www.alfoccino.com; and

**WHEREAS**, Plaintiff's attorneys investigated the relevant facts and researched the law relating to the Litigation, and contended, among other things, that 13,975 facsimile advertisements were sent by or on Defendants' behalf to a list of 7,649 unique fax numbers who have not opted out of the Settlement Class, on November 13, 2006, December 4, 2006,  or December 5, 2006; and

**WHEREAS**, without admitting or conceding any wrongdoing or liability, and solely to avoid the inconvenience and expense of further litigation, Defendants have agreed to settle all claims, demands, and liabilities between them, Plaintiff, and the Settlement Class, including all claims that have been asserted, or could have been asserted, in the Litigation; and

**WHEREAS**, subject to paragraph 6 below, Six Million Nine Hundred Eighty-Seven Thousand Five Hundred Dollars ($6,987,500.00) will be made available to fund the settlement, which shall be available to pay Settlement Class Members who submit Valid Claims as further defined herein, to pay fees and out of pocket litigation expenses to Class Counsel, to pay an Incentive Award to Plaintiff, and to pay the costs of notifying the Settlement Class and administering the settlement (the Settlement Fund); and

**WHEREAS**, Plaintiff and Class Counsel have concluded that the terms and conditions provided in this Settlement Agreement are fair, reasonable, adequate, and in the best interests of the Settlement Class as a means of resolving this Litigation, after considering: (1) the benefits the Settlement Class Members will receive under this settlement; (2) the fact that Defendants

have demonstrated that they will vigorously oppose the claims asserted in the Litigation if the Settlement is not approved; (3) the attendant risks, costs, uncertainties, and delays of litigation; (4) the risks, costs, uncertainties, and delays of prosecuting the case going forward; and (5) Defendants' limited ability to pay a settlement or judgment against them; and

**WHEREAS,** the settlement reduced to writing in this Agreement was negotiated among the Parties in good faith and at arm's length after extensive written and oral discovery and after a day-long mediation; and

**WHEREAS**, the Parties stipulate and agree that the claims of Plaintiff and the entire Settlement Class should be and are hereby compromised and settled, subject to the Court's approval, upon the following terms and conditions:

1. Definitions. As used in this Agreement the following capitalized terms have the meanings specified below, unless this Settlement specifically provides otherwise. Other capitalized terms in this Settlement but not defined in this section shall have the meanings ascribed to them elsewhere in this Settlement Agreement. Unless otherwise indicated, defined terms include the plural as well as the singular.

a. "Administrative Costs" means the reasonable and necessary fees and expenses incurred by the Class Action Settlement Administrator for all tasks the Class Action Settlement Administrator and any third parties perform in furtherance of the notice and administration of the Settlement and to secure performance as set forth in this Agreement.

b. "Agreement" or "Settlement Agreement" means this Agreement of Settlement, including its attached Exhibits, which are incorporated herein by reference, duly

executed by the Class Representative, Class Counsel, Defendants, and the Insurers.

c. "Attorneys' Fees" means such funds as may be awarded by the Court based on the Settlement described herein to compensate Class Counsel as determined by the Court, as described more particularly in Section 11 of this Agreement.

d. "Attorneys' Expenses" means reasonable out-of-pocket litigation expenses incurred by Plaintiff in prosecuting the Litigation.

e. "Claim" means a request for relief pursuant to this Agreement submitted by or on behalf of a Settlement Class Member on a Claim Form filed with the Class Action Settlement Administrator in accordance with the terms of this Agreement.

f. "Claim Deadline" means the date by which a Claim Form must be submitted to the Class Action Settlement Administrator electronically or postmarked to be considered timely. The Claim Deadline shall be clearly set forth in the Preliminary Approval Order as well as in the Class Notice and the Claim Form.

g. "Claim Form" means the document (in paper or electronic form) to be submitted by Claimants seeking payment pursuant to this Agreement, which shall be substantially in the form attached hereto as Exhibit A, that will be available through the Settlement Website with the use of a unique class member identifier contained on the notice as well as upon request from the Class Action Settlement Administrator.

h.  "Claim Period" means the 90-day period during which a Settlement Class Member must submit a Claim Form to be eligible to receive monetary relief as part of the settlement.

i.  "Claimant" means a Settlement Class Member who submits a Claim Form for payment pursuant to this Agreement.

j.  "Class Action Settlement Administrator" means Class-Settlement.com, subject to Court approval.

k.  "Class Counsel" means Phillip A. Bock of Bock & Hatch, LLC, Brian J. Wanca of Anderson + Wanca, and Jason J. Thompson of Sommers Schwartz, P.C.

l.  "Class Notice" means the long form notice substantially in the form attached hereto as Exhibit B, to be sent by facsimile, and if unsuccessful after three attempts, by U.S. Mail, or available by request from the Class Action Settlement Administrator.

m.  "Class Period" and/or "Settlement Class Period" means the period from November 13, 2006, to December 5, 2006.

n.  "Class Representative" means Plaintiff Avio, Inc.

o.  "Court" means the United States District Court of the Eastern District of Michigan.

p.  "Defendants" means Alfoccino, Inc., D. Taliercio, Inc., and Farshid (Tony) Shushtari.

q.  "Defendants' Counsel" means John Prew and Jason Mathers of Harvey Kruse, P.C.

r.  "Effective Date" means the fifth business day after the last of the following dates: (1) the Court has entered a Final Approval Order, granting final approval of the Settlement Agreement and a Final Judgment dismissing the Litigation with prejudice as to Class Representative's and Settlement Class Members' claims against Defendants; or, (2) if any Class Member has timely filed an Objection, the time to appeal or to seek permission to appeal from the Court's approval of the Settlement Agreement has expired or, if appealed, approval of the Settlement Agreement has been affirmed in its entirety by the Court of last resort to which such appeal has been taken and such affirmance is no longer subject to further appeal or review, or upon the denial of a writ of certiorari to review the order and final judgment.

s.  The "Facsimiles" mean the 13,975 facsimile advertisements that were allegedly successfully sent by or on behalf of Defendants to a list of 7,649 unique fax numbers on November 13, 2006, December 4, 2006 or December 5, 2006.

t.  "Fairness Hearing" and/or "Final Approval Hearing" means the final hearing to be conducted by the Court on such date as the Court may order to determine the fairness, adequacy, and reasonableness of the Settlement in accordance with applicable jurisprudence, to be held after notice has been provided to the Settlement Class in accordance with this Settlement, and where the Court will: (a) confirm the certification of a the Class; (b) approve Plaintiff as the representative of the Settlement Class; (c) approve Class Counsel as counsel for the Settlement Class; (d) determine whether to grant final approval to the Settlement; (e) rule on Class Counsel's Application for Attorneys' Fees and

Expenses as well as payment of an Incentive Award; and (f) consider whether to enter the Final Approval Order.

u. "Final Approval Order" and/or "Final Judgment" means the "Final Judgment and Order of Dismissal" to be entered by the Court, which, among other things, fully and finally approves the settlement and dismisses the litigation with prejudice, and retains continuing jurisdiction over the interpretation, implementation, and enforcement of the settlement. The proposed Final Approval Order is attached as Exhibit D.

v. "Incentive Award" means any award sought by application to and approved by the Court that is payable to the Class Representative from the Settlement Fund to compensate its efforts in bringing the Litigation and achieving the benefits of this Settlement on behalf of the Settlement Class.

w. "Notice Date" means the date on which the Class Action Settlement Administrator disseminates the Class Notice consistent with the Preliminary Approval Order. The Notice Date shall commence seven (7) days after the Court's entry of the Preliminary Approval Order.

x. "Objection" means an objection filed with the Court by a member of the Settlement Class, objecting to any aspect of the Settlement.

y. "Objection Deadline" means sixty (60) days after the Notice Date.

z. "Opt-Out" means the previous request by a member of the Settlement Class that they not receive the Facsimiles as defined herein.

aa. "Party" or "Parties" means the Plaintiff and Defendants in the Lawsuit.

bb. "Person" means a natural person, individual, corporation, partnership, association, government agency, or any other type of legal entity, whatsoever.

cc. "Plaintiff" means Avio, Inc.

dd. "Preliminary Approval Order" means the "Order Preliminarily Approving Class Action Settlement and Providing for Notice and Scheduling Order," which is attached as Exhibit C.

ee. "Released Claims" means all claims, demands, debts, liabilities, actions, causes of action of every kind and nature, obligations, damages, losses, and costs, whether known or unknown, actual or potential, suspected or unsuspected, direct or indirect, contingent or fixed, that have been, could have been, or in the future might be asserted that arise out of or relate to Defendants' transmission of the Facsimiles. Nothing herein is intended to release any claims that any governmental agency or governmental actor has against the Defendants.

ff. "Released Parties" means and includes the Insurers and the Defendants (and each of their current and former parent and subsidiary companies, affiliates, divisions, and branches thereof, their officers, directors, employees, insurers, reinsurers, adjusters, representatives, agents, predecessors, successors, attorneys, and assigns).

gg. "Releases" means the releases of all claims as more further described in this Settlement Agreement.

hh. "Releasing Parties" means Plaintiff, all Settlement Class Members, Class Counsel, and any Person claiming by or through him/her/it, including any Person claiming to be his/her/its spouse, parent, child, heir, guardian, associate, co-

owner, attorney, agent, administrator, devisee, predecessor, successor, assignee, representative of any kind, shareholder, partner, director, employee or affiliate.

ii. "Request for Exclusion" means a request by a member of the Settlement Class to be excluded from the Settlement Class by following the procedures set forth in the Preliminary Approval Order and the Class Notice.

jj. "Request for Exclusion Deadline" means sixty (60) days after the Notice Date.

kk. "Settlement Class" is defined as "All persons sent one or more faxes on November 13, 2006, December 4, 2006, or December 5, 2006 from "Alfoccino Restaurant" with a coupon offering "15% OFF Your Total Catering or Banquet Food Bill Up to $100" and listing the website www.alfoccino.com." Excluded from the Settlement Class are: (a) Defendants and their present and former officers, directors, employees, shareholders, insurers, and their successors, heirs, assigns, and legal representatives; and (b) the Court and its officers.

ll. "Settlement Fund" means the Six Million Nine Hundred Eighty-Seven Thousand Five Hundred Dollars ($6,987,500.00) made available to fund the settlement.

mm. "Settlement Class Member" means a member of the Class who has not properly requested exclusion or opted out.

nn. "Settlement Website" means the website to be created for this settlement that will include information about the Lawsuit and the settlement, relevant documents, and electronic and printable forms relating to the settlement. The Settlement Website shall be activated no later than twelve (12) days after the Court enters the Preliminary Approval Order.

oo. "Unknown Claims" means Released Claims that Plaintiff or any or all other Persons and entities whose claims are being released, or any of them, do not know or suspect to exist, which, if known by him, her or it, might affect his, her, or its agreement to release the Released Parties or the Released Claims or might affect his, her, or its decision to agree, object, or not to object to the Settlement. Upon the Effective Date, Plaintiff and all other Persons and entities whose claims are being released shall be deemed to have, and shall have, expressly waived and relinquished, to the fullest extent permitted by law the provisions, rights and benefits of California Civil Code Section 1542, if any, which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Upon the Effective Date, Plaintiff and all other Persons and entities whose claims are being released, also shall be deemed to have, and shall have, waived any and all provisions, rights, and benefits conferred, if any, by any law of any state or territory of the United Sates, or principle of common law, or the law of any jurisdiction outside of the United States, which is similar, comparable, or equivalent to California Civil Code Section 1542. Plaintiff acknowledges that it may discover facts in addition to or different from those that it now knows or believes to be true with respect to the subject matter of this release, but that it is its intention to finally and forever to settle and release the Released Claims,

notwithstanding any Unknown Claims it may have, as that term is defined in this section.

pp. "Valid Claim" means a Claim Form a Settlement Class Member submits that: (a) is submitted in accordance with the Class Notice accompanying the Claim Form and the provisions of Section 7 of this Agreement; (b) is, on the initial submission, accurately, fully, and truthfully completed and executed, with all of the information requested in the Claim Form, by a Settlement Class Member; (c) is signed physically or by e-signature by a Settlement Class Member or Person with authority to sign for and bind a Settlement Class Member; (d) is returned by facsimile, electronically or via mail and post-marked by the Claims Deadline, and is determined to be valid by the Class Action Settlement Administrator.

Other capitalized terms in this Agreement, but not defined above, shall have the meaning ascribed to them in this Agreement and the exhibits attached hereto.

2. Settlement. This Settlement Agreement is entered to resolve all disputes between Defendants, Argonaut, Badger, Plaintiff, and the Settlement Class. The assertions, statements, agreements, and representations made herein are for purposes of settlement only and the Parties expressly agree that, if the settlement is not finally approved, this Agreement is null and void and may not be used by any of the Parties for any reason.

3. The Settlement Class. For purposes of settlement, the Parties agree that the Settlement Class shall be defined as:

> All persons sent one or more faxes on November 13, 2006, December 4, 2006, or December 5, 2006 from "Alfoccino Restaurant" with a coupon offering "15% OFF Your Total Catering or Banquet Food Bill Up to $100" and listing the website www.alfoccino.com.

Excluded from the Settlement Class are: (a) Defendants and their present and former officers, directors, employees, shareholders, insurers, and their successors, heirs, assigns, and legal representatives; and (b) the Court and its officers. The Parties further agree that Plaintiff may be appointed as "Class Representative" and that Phillip A. Bock of Bock & Hatch, LLC, Brian J. Wanca of Anderson + Wanca, and Jason J. Thompson of Sommers Schwartz, P.C. may be appointed as "Class Counsel."

4.    Preliminary Approval and Class Notice. Plaintiff will file an agreed motion for entry of an order preliminarily approving this settlement. Plaintiff will request that the Court enter the Preliminary Approval Order in the form attached hereto as Exhibit C. Additionally, Plaintiff will request that the Court approve a "Notice of Class Action and Proposed Settlement with Attached Claim Form" in the form attached hereto as Exhibit B, and request that the Court permit the Parties to send that notice to the Settlement Class identified on Exhibit 5 of the Expert Report of Robert Biggerstaff dated January 20, 2010 (the "Database"), who have not opted out of the class by facsimile, and if unsuccessful after three (3) attempts, by U.S. Mail. The Class Action Settlement Administrator will establish a Settlement Website for Class Members to access the settlement documents, including the Class Notice and Claim Form.

5.    The Settlement Fund. The Insurers have agreed to make the Settlement Fund available to settle this case on a common benefit basis. The Insurers are not required to place all or any portion of the Settlement Fund into a separate bank account. The Insurers will not relinquish control of any money until payments are due. The Settlement Fund shall be used to pay: (1) Any administrative costs incurred by the Class Action Settlement Administrator; (2) Valid Claims; (3) any award of Attorneys' Fees and Attorneys' Expenses to Class Counsel; and (4) any Incentive Award to the Class Representative. If sum of the Class Action Settlement

Administrator costs, Attorneys' Fees, Attorneys' Expenses, the Incentive Award, and the total amount of Valid Claims exceeds the maximum Settlement Fund, then each respective Claimant's award shall be proportionately reduced. There are no unclaimed property rights or interest by Settlement Class Members who do not file Valid Claims. Claimants may seek payment by submitting a Valid Claim Form to the Settlement Class Administrator electronically, by facsimile, or by mail by the Claims Deadline.

6.      The Class Action Settlement Administrator. Subject to Court approval, Class-settlement.com (the "Class Action Settlement Administrator") shall serve as the Class Action Settlement Administrator. The Class Action Settlement Administrator will administer the Notice, assist the Settlement Class Members in completing Claim Forms, receive the Claim Forms by facsimile, electronically via the Settlement Website, or by U.S. mail, and shall, track and provide notice to the Parties for any individual or entity Requesting to be Excluded from the Settlement Class, and provide a list of accepted and rejected Claims and the total to be paid to each Claimant to Counsel for the Parties. Upon request, the Class Action Settlement Administrator will provide copies of all Claim Forms and tax reporting forms for each of the claiming Settlement Class Members where applicable to the Parties and their representatives. The decisions of the Class Action Settlement Administrator with respect to the validity of Claims shall be final and binding. All fees and costs of the Class Action Settlement Administrator, including the costs associated with paying third parties to provide notice to the class, shall be paid out of the Settlement Fund as Class Action Settlement Administrator administrative costs.

a.      The Class Action Settlement Administrator will use adequate and customary procedures and standards to prevent the payment of fraudulent claims and to pay only

Valid Claims. Such procedures include: (1) requiring manual entry of a unique class member identifier to submit a Claim Form via the Settlement Website; (2) screening for duplicate claims or Settlement Class Members seeking more than the maximum cash payment permitted by this Settlement Agreement; and (3) reviewing Claim Forms for evidence of waste, fraud, and abuse.

b. The Class Action Settlement Administrator may request additional information necessary to validate Claim Forms and/or reject a Claim Form where there is evidence of abuse or fraud. The Class Action Settlement Administrator may reject a Claim Form that is not a Valid Claim and does not contain the complete, requested information required to screen the claim for fraud or abuse.

c. The Class Action Settlement Administrator will mail payments (in check form) directly to the eligible Settlement Class Members.

7. Class Notice. Notice of the Settlement will be issued by the Settlement Administrator to the Database. The Parties will request that the Court approve the "Notice" in the form attached hereto as Exhibit B, and request approval to send it by facsimile, and if unsuccessful after (3) attempts, by U.S. Mail by the Notice Date.

8. Payments to Settlement Class Members. Settlement Class Members will have 90 days from the date set for provision of Class Notice in the Preliminary Approval Order to submit Claims. Claim Forms may be submitted by facsimile, U.S. Mail, or electronically via the Settlement Website. Class Members who file Valid Claims shall receive up to $500 per fax. Any Member of the Settlement Class who does not timely submit a Claim Form by the Claims Deadline, as shown by postmark or other identifiable date of transmission, shall receive no monetary payment from the Settlement Fund. All Settlement Class Members will be informed

that checks containing payments must be cashed within 120 days of issuance or else the check will be void and they will have no further right or entitlement to any payment under the terms of this settlement. There are no vested or unclaimed property rights. Only Valid Claims shall be paid. All funds from uncashed checks shall be returned to the insurer who paid the Claims.

9. Request Exclusion from the Settlement. Class Members have the right to exclude themselves from both the Class Action and the Settlement by mailing a written Request for Exclusion. Class Members request must be postmarked on or before the date set forth in the Preliminary Approval Order, and it must list the individual's name, fax number, street address, the name and number of this case, and it must state that Class Member wish to be excluded (for example, "Exclude me from the Alfoccino Settlement."). The Request for Exclusion must be mailed to the following attorneys, postmarked by the date set forth in the Preliminary Approval Order, and they will notify the Court of the request:

For Class Counsel:
Phillip A. Bock
Bock & Hatch, LLC
Attn.: Alfoccino Settlement
134 N. La Salle St., Ste. 1000
Chicago, IL 60602

Defendants' Attorneys:
Jason Mathers
John Prew
Harvey Kruse, P.C.
1050 Wilshire Dr., Suite 320
Troy, MI 48084

10. Object to the Settlement. If a Settlement Class Members wishes to object to the settlement rather than being excluded, a written objection must be filed with the Civil Clerk's Office, United States District Court for the Eastern District of Michigan, Theodore Levin U.S. Courthouse, 231 W. Lafayette Blvd., Detroit, MI 48226. The objection must be postmarked by the date set forth in the Preliminary Approval Order, and must refer to the name and number of this case (*Avio, Inc. v. Alfoccino, Inc.*, Case No. 10-CV-10221). The objector must also serve copies of their objection on Class Counsel and Defendant's attorney (at the addresses above), as well as to the Settlement Class Administrator (at the address listed in the Class Notice)

postmarked by the same date.

11. Final Approval. The Preliminary Approval Order will set a date for a Final Approval Hearing. At the Final Approval Hearing, Plaintiff and Defendants will request that the Court enter its Final Approval Order and the Final Judgment. The fact that the Court may require non-substantive changes in either the Final Approval Order or Final Judgment will not invalidate this Agreement or the Settlement. If the Court does not enter a Final Judgment substantially in the form of Exhibit D or a modified version thereof which is acceptable to all Parties, which becomes a final and non-appealable order, then this Agreement shall be null and void.

12. Incentive Award, Attorneys' Fees, and Expenses. Subject to the Court's approval after notice to the Settlement Class, Plaintiff shall be paid an Incentive Award from the Settlement Fund of Fifteen Thousand Dollars ($15,000.00) for representing the Settlement Class, and Class Counsel shall be paid Two Million Three Hundred Twenty-Nine Thousand One Hundred Sixty-Six Dollars and Sixty-Seven Cents ($2,329,166.67) (one-third of the Settlement Fund) as attorneys' fees from the Settlement Fund plus their reasonable out-of-pocket Attorneys' Expenses. Defendants will not object to a request for these amounts, nor will Defendants appeal any award of these amounts. The awarded amounts will be set forth in the Final Judgment and shall be paid from the Settlement Fund in accordance with paragraph 12 below.

13. Payment of Claims, Incentive Award, and Class Counsel Fees. Fifteen (15) days after the latter of: (a) the Court enters the Final Judgment, substantially in the form of Exhibit D to this Agreement, or in a form agreed to by the Parties, dismissing with prejudice the claims of all Settlement Class members (including Plaintiff) who do not properly exclude themselves

as provided in the Notice; or (b) if any Settlement Class member objected to the settlement, the date on which the date for filing an appeal has expired or, if there are appeals, the date on which the Settlement and Final Judgment have been affirmed in all material respects by the appellate court of last resort to which such appeals have been taken and such affirmances are no longer subject to further appeal or review, the Attorneys' Fees, Attorneys' Expenses, and Incentive Awards approved by the Court in its Final Judgment shall be paid to Class Counsel by wire transfer to the Class Action Settlement Administrator, who shall be approved by the Court as authorized to receive said payments.

In addition, forty-five days after the latter of: (1) the Effective Date; or (2) the date on which the Settlement Administrator provides the final number of approved Claims, a sum sufficient to cover the settlement checks to Class Members shall be paid to the Settlement Administrator. The Settlement Administrator shall issue checks in the appropriate amounts to the Settlement Class Members who submitted timely, Valid Claims. Checks issued to the Settlement Class members will be void 121 days after issuance.

14. Releases. Subject to and effective upon entry of the Final Judgment and payment of all moneys due under the Agreement, all Class Members, including Plaintiff, who do not request exclusion from the proposed Settlement Class (the Releasors) as required in the Class Notice, on their own behalf and on behalf of their heirs, administrators, devisees, predecessors, successors, attorneys, representatives of any kind, shareholders, partners, directors or owners of any kind, affiliates, subrogees, assignees, or insurers, or anyone else acting on their behalf, for and in consideration of the terms and undertakings herein, the sufficiency and fairness of which are acknowledged, release and forever discharge the Released Parties from the Released Claims and Unknown Claims. This release does not apply to actions brought by the government.

15. Representations and Warranties.

Each Party has had the opportunity to receive, and has received, independent legal advice from his or its attorneys regarding the advisability of making the Settlement, the advisability of executing this Agreement, and the legal and income tax consequences of this Agreement, and fully understands and accepts the terms of this Agreement.

Defendants represent and warrant that: (a) they have the requisite corporate power and authority to execute, deliver, and perform the Agreement and to consummate the transactions contemplated hereby; (b) the execution, delivery, and performance of the Agreement and the consummation by it of the actions contemplated herein have been duly authorized by necessary corporate action on the part of Defendants; and (c) the Agreement has been duly and validly executed and delivered by Defendants and constitutes its legal, valid, and binding obligation.

None of the Parties relies or has relied on any statement, representation, omission, inducement, or promise of the other party (or any officer, agent, employee, representative, or attorney for any other party) in executing this Agreement, or entering the Settlement provided for herein, except as expressly stated in this Agreement.

16. Class Enjoined. On the Effective Date, all Settlement Class Members who did not exclude themselves as required by the Notice (and any person or entity claiming by or through him, her, or it, as heir, administrator, devisee, predecessor, successor, attorney, representative of any kind, shareholder, partner, director or owner of any kind, affiliate, subrogee, assignee, or insurer) will be forever barred and permanently enjoined from directly, indirectly, representatively, or in any other capacity, filing, commencing, prosecuting, continuing, litigating, intervening in, participating in as class members or otherwise, or receiving any benefits or other relief from any other lawsuit, any other arbitration, or any other

administrative, regulatory, or other proceeding against Released Parties for the Released Claims; and all persons and entities shall be forever barred and permanently enjoined from filing, commencing, or prosecuting any other lawsuit as a class action against Released Parties on behalf of Settlement Class Members who have not timely excluded themselves from the Settlement Class if such other lawsuit is based on or arises from the Released Claims. This injunction does not apply to actions brought by the government.

17. Cooperation. The Parties agree to cooperate fully with one another to consummate this Agreement and to achieve the settlement provided for herein.

18. Agreement Contingent Upon Entry of Final Approval. This Agreement is contingent upon entry of the Final Judgment giving final approval to all its terms verbatim. If the Court refuses to grant final approval of the terms of the settlement set forth herein, or if the Court's Final Judgment granting approval is reversed on appeal, then this Agreement shall be null and void and neither the fact that this Agreement was made nor any Agreement, representation, agreement, or assertion made in this Agreement may be used against any Party.

19. Notices. Requests for Exclusion, Objections to the Agreement or Settlement, and notices regarding rejected claims shall be sent to:

Phillip A. Bock
Bock & Hatch, LLC
Attn.: Alfoccino Settlement
134 N. La Salle St., Suite 1000
Chicago, IL 60602
*Class Counsel*

Jason Mathers
John Prew
Harvey Kruse, P.C.
1050 Wilshire Dr., Suite 320
Troy, MI 48084
*Counsel for Defendant*

20. Court Submission. Class Counsel will submit this Agreement and the Exhibits hereto, along with such other supporting papers as may be appropriate, to the Court for preliminary approval of this Agreement.

21. Integration Clause. This Agreement contains the full, complete, and integrated statement of each and every term and provision agreed to by and among the Parties and supersedes any prior writings or agreements (written or oral) between or among the Parties, which prior agreements may no longer be relied upon for any purpose. This Agreement shall not be orally modified in any respect and can be modified only by the written agreement of the Parties supported by acknowledged written consideration.

22. Headings. Headings contained in this Agreement are for convenience of reference only and are not intended to alter or vary the construction and meaning of this Agreement.

23. Binding and Benefiting Others. This Agreement shall be binding upon and inure to the benefit or detriment of the Parties and the Settlement Class Members who do not opt out, and to their respective agents, employees, representatives, trustees, officers, directors, shareholders, divisions, parent corporations, subsidiaries, heirs, executors, assigns, and successors in interest.

24. Representations and Warranties. The Parties each further represent, warrant, and agree that, in executing this Agreement, they do so with full knowledge of any and all rights that they may have with respect to the claims released in this Agreement and that they have received independent legal counsel from their attorneys with regard to the facts involved and the controversy herein compromised and with regard to their rights arising out of such facts. Each of the individuals executing this Agreement warrants that he or she has the authority to enter into this Agreement and to legally bind the Party(ies) for which he or she is signing.

25.     Governing Law. The contractual terms of this Agreement shall be interpreted and enforced in accordance with the substantive law of the State of Michigan, without regard to its conflict of laws and/or choice of law provisions.

26.     Mutual Interpretation. The Parties agree and stipulate that this Agreement was negotiated on an arm's length basis between Parties of equal bargaining power. Also, Class Counsel, counsel for Argonaut, and counsel for Defendants have drafted the Agreement jointly. Accordingly, no ambiguity shall be construed in favor of or against any of the Parties. Plaintiff acknowledges, but does not concede or agree with, Defendants' statements regarding the merits of the claims, and Defendants acknowledge, but do not concede to or agree with, Plaintiff's statements regarding the merits of the claims.

27.     Counterparts. This Agreement may be executed in counterparts, each of which shall be deemed to be an original, and such counterparts together shall constitute one and the same instrument. Facsimile and .pdf signatures shall bind the Parties to this Agreement as though they are original signatures.

28.     Severability. In the event any one or more of the provisions contained in this Agreement shall for any reason be held invalid, illegal, or unenforceable in any respect, such invalidity, illegality, or unenforceability shall not affect any other provisions if the Parties and their counsel mutually elect by written Agreement to be filed with the Court within fourteen (14) days to proceed as if such invalid, illegal, or unenforceable provisions had never been included in this Agreement.

29.     Continuing Jurisdiction. Without affecting the finality of the Final Judgment, the Court shall retain continuing jurisdiction over the Litigation and the Parties, including all members of the Settlement Class, the administration and enforcement of this Agreement and

the settlement, and the benefits to the Settlement Class hereunder, including for such purposes as supervising the implementation, enforcement, construction, and interpretation of this Agreement, the order preliminarily approving the settlement, the Final Judgment, hearing and determining an application by Class Counsel for an award of fees and expenses, and the distribution of settlement proceeds to the Settlement Class. Any dispute or controversies arising with respect to the interpretation, enforcement, or implementation of the Agreement shall be presented by motion to the Court.

**IN WITNESS WHEREOF**, the Parties have caused this Agreement to be executed on the date set forth beside their respective signatures.

DATED: ________________

AVIO, INC., on behalf of herself and the Settlement Class

________________________________

DATED: August 21, 2017

PHILLIP A. BOCK, as Class Counsel

PHILLIP A. BOCK Digitally signed by PHILLIP A. BOCK Date: 2017.08.22 13:33:37 -04'00'

________________________________

DATED: ________________

BRIAN J. WANCA, as Class Counsel

________________________________

DATED: ________________

JASON J. THOMPSON, as Class Counsel

________________________________

the settlement, and the benefits to the Settlement Class hereunder, including for such purposes as supervising the implementation, enforcement, construction, and interpretation of this Agreement, the order preliminarily approving the settlement, the Final Judgment, hearing and determining an application by Class Counsel for an award of fees and expenses, and the distribution of settlement proceeds to the Settlement Class. Any dispute or controversies arising with respect to the interpretation, enforcement, or implementation of the Agreement shall be presented by motion to the Court.

**IN WITNESS WHEREOF**, the Parties have caused this Agreement to be executed on the date set forth beside their respective signatures.

DATED: ________________ AVIO, INC., on behalf of herself and the Settlement Class

________________________________

DATED: ________________ PHILLIP A. BOCK, as Class Counsel

________________________________

DATED: ________________ BRIAN J. WANCA, as Class Counsel

________________________________

DATED: 8/23/17 JASON J. THOMPSON, as Class Counsel

________________________________

DATED: 8/15/17

ALFOCCINO, INC.

By: ______________________

Its: VP

DATED: 8/17/17

D. TALIERCIO, INC.

By: John Daniel Taliercio

Its: President

DATED: 8/15/17

FARSHID (TONY) SHUSHTARI

______________________

DATED: 8/14/17

ARGONAUT GREAT CENTRAL INSURANCE COMPANY

By: ______________________

Its: SVP - ARGO GROUP US

DATED: 8/15/17

BADGER MUTUAL INSURANCE COMPANY

By: ______________________

Its: VP Badger Mutual

# EXHIBIT 1

**This is a notice of a lawsuit settlement.**
**You may benefit from this. Please read it carefully.**
**You must submit the attached Proof of Claim to claim money from the settlement fund.**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**

| | | |
|---|---|---|
| AVIO, INC., individually and as the representative of a class of similarly-situated persons, | ) | |
| Plaintiff, | ) | No. 10 CV 10221 |
| v. | ) | Hon. Victoria Roberts |
| ALFOCCINO, INC., et al., | ) | |
| Defendants. | ) | |

**NOTICE OF CLASS ACTION AND PROPOSED SETTLEMENT WITH ATTACHED CLAIM FORM**

**TO: All persons sent one or more faxes on November 13, 2006, December 4, 2006, or December 5, 2006 from "Alfoccino Restaurant" with a coupon offering "15% OFF Your Total Catering or Banquet Food Bill Up to $100" and listing the website www.alfoccino.com. (the "Settlement Class")**

The Court ordered us to send this Notice because your fax number is contained on a list of fax numbers to which advertising faxes were sent. If that fax number was yours (or your company's) in November 2006 or December 2006, then you are a member of the Settlement Class defined above.

## A. WHAT IS THIS LAWSUIT ABOUT?

Plaintiff, Avio, Inc. ("Plaintiff"), filed this class action lawsuit against defendants Alfoccino, Inc., D. Taliercio, Inc., and Farshid (Tony) Shushtari ("Defendants"), alleging that they violated the federal Telephone Consumer Protection Act ("TCPA") by sending unsolicited advertisements by fax. Defendants denied Plaintiff's allegations and raised defenses to Plaintiff's claims. The parties have agreed to settle all claims about advertising faxes allegedly sent by or on behalf of Defendants on November 13, 2006, December 4, 2006, or December 5, 2006. This notice informs you of your rights as a Member of the Settlement Class as defined above.

## B. WHAT IS THE PROPOSED SETTLEMENT?

Defendants, by and through their insurers, Argonaut Great Central Insurance Company ("Argonaut") and Badger Mutual Insurance Company ("Badger"), have created a total settlement fund of $6,987,500.00 (the "Settlement Fund") to pay Settlement Class Members' Valid Claims, Class Action Settlement Administration costs, Attorney's Fees and Expenses, and an Incentive Award to Plaintiff Avio, Inc. Settlement Class Members submitting a timely and Valid Claim Form (attached) will be paid their per fax, *pro rata* share of the Settlement Fund, calculated as: Settlement Fund is *multiplied by* the number of faxes received by the Class Member's fax number(s), *divided by* the total number of faxes sent (13,975). The payment amount is subject to a per fax, *pro rata* reduction if total claims plus other payments would otherwise exceed the Settlement Fund.

The Court has certified the Settlement Class (defined above) and preliminarily approved the settlement, subject to a final hearing that will occur on ______, 2017, at ______ a.m./p.m., in Room _ in the United States District Court for the Eastern District of Michigan, Theodore Levin U.S. Courthouse, 231 W. Lafayette Blvd., Detroit, MI 48226.

## C. **WHAT ARE YOUR FOUR OPTIONS?**

**1. Submit a Claim Form (attached) to receive a check:** You must submit a Claim Form to the Class Action Settlement Administrator, postmarked, faxed, or electronically via **[website]** within 90 days after this Notice is sent, (on or before __________, 2017) to be eligible to receive a settlement check. The Claim Form is attached to this Notice, and also available on the Settlement Website at www.class-settlement.com, using your **Class Member ID Number/ Username: <MergeID> / Password: <MergePW>**. You will need to input the Username and Password that appear on the attached Claim Form**.**

**2. Do nothing:** You will be bound by the judgment and, if the Court approves the settlement, you will release your claims. You will not receive a settlement check if you do not submit a Claim Form.

**3. Request to be Excluded:** You have the right to exclude yourself from both the Class Action and the Settlement by mailing a written request for exclusion. Your request must be postmarked on or before ________, 2017, and it must list your name, fax number, street address, the name and number of this case, and it must state that you wish to be excluded (for example, "Exclude me from the *Alfoccino* Settlement."). Mail your exclusion request to the Class Action Settlement Administrator (INSERT ADDRESS) and the following attorneys, postmarked by that date, and they will notify the Court of your request:

| For Class Counsel: | Defendants' Attorneys: |
|---|---|
| Phillip A. Bock | Jason Mathers |
| Bock & Hatch, LLC | John Prew |
| Attn.: Alfoccino Settlement | Harvey Kruse, P.C. |
| 134 N. La Salle St., Ste. 1000 | 1050 Wilshire Dr., Suite 320 |
| Chicago, IL 60602 | Troy, MI 48084 |

**4. Object to the settlement:** If you wish to object to the settlement rather than excluding yourself, you must file a written Objection with the Civil Clerk's Office, United States District Court for the Eastern District of Michigan, Theodore Levin U.S. Courthouse, 231 W. Lafayette Blvd., Detroit, MI 48226. Your Objection must be postmarked by ______________, 2017, and must refer to the name and number of this case (*Avio, Inc. v. Alfoccino, Inc.,* Case No. 10-CV-10221). You must also serve copies of your Objection on the Class Action Settlement Administrator, Class Counsel, and Defendant's attorney (at the addresses above), postmarked by the same date. Your Objection must include your name, fax number, street address, all attorneys who assisted you in the preparation and filing of your Objection, a list of all other class action cases in which you or your counsel have filed objections to settlements, and a statement of the reasons why you believe the Court should find that the proposed settlement is not in the best interests of the Settlement Class. It is not sufficient to simply state that you object; you must state the reasons why you believe the Court should reject the settlement or any part of it. Additionally, if you want the Court to consider your Objection, then you must also appear at the Final Approval Hearing in Room ____ in the United States District Court for the Eastern District of Michigan, Theodore Levin U.S. Courthouse, 231 W. Lafayette Blvd., Detroit, MI 48226, on ______________, 2017, at ______ a.m./p.m. YOU ARE NOT REQUIRED TO ATTEND THIS HEARING UNLESS YOU OBJECT TO THE SETTLEMENT.

## D. **WILL THE COURT APPROVE THE SETTLEMENT?**

The Court will hold a Final Fairness Hearing to decide whether to approve the Settlement on ______________, 2017, at ______ a.m./p.m., in Room ____ in the United States District Court for the Eastern District of Michigan, Theodore Levin U.S. Courthouse, 231 W. Lafayette Blvd., Detroit, MI 48226. At that hearing, the Court will hear any timely and properly-filed Objections and arguments about the Settlement. The hearing may be continued to a future date without further notice.

## E. **WHO REPRESENTS THE SETTLEMENT CLASS IN THIS LITIGATION?**

Plaintiff Avio, Inc. is the Class Representative. Plaintiff's attorneys have been appointed as Class Counsel. They are: Phillip A. Bock of Bock & Hatch, LLC, Brian J. Wanca of Anderson + Wanca, and Jason J. Thompson of Sommers Schwartz, P.C. These attorneys have litigated this matter on a contingency basis without payment to

date. As part of the Settlement, Class Counsel will request that the Court award Avio, Inc. an incentive award of $15,000 for serving as the Class Representative and ask the Court to award Class Counsel Attorney's Fees and Expenses equal to one-third of the Settlement Fund for their legal services ($2,329,166.67), plus expenses (not to exceed $55,000) also from the Settlement Fund. You will not have to pay any money to Class Counsel.

**F. <u>INQUIRIES</u>:**

If you have specific questions, you can write to Class Counsel at one of the addresses listed above. Include the case number, your name, your fax number, and your current street address on any correspondence. You may also call attorney Phillip A. Bock, one of the lawyers for the Class, at 312-658-5501.

Please do not contact the Clerk of the Court, the Judge, or the Judge's staff, because they cannot answer your questions or give you advice about this settlement.

**BY ORDER OF THE COURT**
**HONORABLE VICTORIA ROBERTS**

**PROOF OF CLAIM**
**Avio, Inc. v. Alfoccino, Inc., Case No. 10 CV 10221**

*You Must Complete All Steps to Claim a Share of the Settlement Fund*

**1. You Must Provide Your Contact Information:**

Name of person signing form: ______________________________________________

Company: ______________________________________________________________

Address: _______________________________________________________________

City/State/Zip Code: _____________________________________________________

**2. Telephone Number(s) during the Class Period:**

☐☐☐ - ☐☐☐ - ☐☐☐☐   ☐☐☐ - ☐☐☐☐ - ☐☐☐☐

☐☐☐ - ☐☐☐ - ☐☐☐☐   ☐☐☐ - ☐☐☐☐ - ☐☐☐☐

(***if more than four telephone numbers, please add additional numbers at the bottom of this form***)

**3. Class Member I.D. Number: ____________________**

**4. Your share of the Settlement Fund may result in mandatory reporting to the IRS. As a result, you may need to provide your Tax ID (if you are a business) or your Social Security Number (if you are an individual). You may either provide it below or by calling the claims administrator at <number>.**

**If you are filing as an individual, please provide your social security number:**

☐☐☐ - ☐☐ - ☐☐☐☐

**If you are filing on behalf of a business, please provide a federal tax pay or identifier:**

☐☐ - ☐☐☐☐☐☐☐☐☐

**5. Certification:** I certify under penalty of perjury that: (a) the information I provided on this Claim Form is true and correct; and (b) in the case of a business entity named above, that I am an authorized representative of such business entity to provide the information in the Claim Form, to make this claim on behalf of such business.

**Signature:** __________________________________________

**Print Name:** ________________________________________

**Title/Position**: ______________________________________

**Telephone Number**: _________________________________

**6. You Must Return this Claim Form by _______, 2017:**

a. Fax this Claim Form to: <fax number for claims >

***OR***

b. Mail this Claim Form to: [CLAIMS ADMINISTRATOR]

***OR***

c. Submit your claim electronically at **<website>**

# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| AVIO, INC., individually and as the representative of a class of similarly-situated persons, | ) | |
| Plaintiff, | ) | No. 10 CV 10221 |
| v. | ) | Hon. Victoria Roberts |
| ALFOCCINO, INC., et al., | ) | |
| Defendants. | ) | |

ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT

This matter coming before the Court on Plaintiff's Agreed Motion for Preliminary Approval of Class Action Settlement and Notice to the Class and, after review and consideration of the Settlement Agreement, [hearing statements of the parties' attorneys in open court on __________, 2017], and having been fully advised in the premises, IT IS HEREBY ORDERED and adjudged as follows:

1. Pursuant to Rule 23 (e) of the Federal Rules of Civil Procedure, the settlement of this action, as embodied in the terms of the Settlement Agreement attached to the Joint Motion, is preliminarily approved as a fair, reasonable, and adequate settlement, in the best interests of the Settlement Class in light of the factual, legal, practical, and procedural considerations raised by this case. The Settlement Agreement is incorporated by reference into this Order (with capitalized terms as set forth in the Settlement Agreement) and is hereby preliminarily adopted as an Order of this Court.

2.     Pursuant to Rule 23 (b) (3) of the Federal Rules of Civil Procedure, by stipulation of the parties, the Court hereby certifies the following class:

> All persons sent one or more faxes on November 13, 2006, December 4, 2006, or December 5, 2006 from "Alfoccino Restaurant" with a coupon offering "15% OFF Your Total Catering or Banquet Food Bill Up to $100" and listing the website www.alfoccino.com.

Excluded from the Settlement Class are Defendants and their Insurers, Argonaut Mutual Insurance Company ("Argonaut") and Badger Mutual Insurance Company ("Badger"), including any and all of their parents, subsidiaries, affiliates or controlled persons of Defendants, Badger, and Argonaut, as well as the officers, directors, agents, servants, and employees of Defendants, Badger, and Argonaut and the immediate family members of such persons.

3.     The Court finds that certification for purposes of settlement is appropriate because (a) the class is so numerous that joinder of all members is impractical; (b) there are questions of law and fact common to the class and they predominate over any questions affecting only individual class members; (c) Plaintiff's claims are typical of the claims of the class; (d) Plaintiff and its attorneys will fairly and adequately protect the interests of the class; and (e) a class action is the superior means of resolving this controversy.

4.     The Court appoints Avio, Inc. as the representative of the Settlement Class pursuant to Rule 23 (a), appoints Avio's attorneys (Phillip A. Bock of Bock & Hatch, LLC, Jason J. Thompson of Sommers Schwartz, P.C., and Brian J. Wanca of Anderson + Wanca) as Class Counsel pursuant to Rule 23 (g), and appoints Class-Settlement.Com as the "Settlement Administrator."

5. The Court finds that the Settlement Agreement's plan for class notice is the best notice practicable under the circumstances and satisfies the requirements of due process and Rule 23 (e) (1) of the Federal Rules of Civil Procedure. That plan is approved and adopted. This Court further finds that the Class Notice (attached to the Settlement Agreement as Exhibit 1), and the Claim Form included as part of the Class Notice, comply with Rule 23 (e) (1) of the Federal Rules of Civil Procedure, are appropriate as part of the notice plan, and are approved and adopted. The Court orders that the parties provide the notice to the Class as proposed.

6. By this Order, the Court hereby orders that the Class Notice shall be sent by facsimile to the last known telephone fax number of each class member as reflected in the Database (Exhibit 5 to the Expert Report of Robert Biggerstaff dated January 20, 2010), and by U.S. Mail to those class members to whom fax notice is unsuccessful after three (3) attempts. The Class Notice and Claim Form shall also be made available on the Settlement Administrator's website. The Court finds and orders that no other notice is necessary.

7. The Court hereby sets deadlines and dates for the acts and events set forth in the Settlement Agreement and directs the Parties to incorporate the deadlines and dates in the Class Notice:

    (a) Objections and motions to intervene shall be filed in this Court and postmarked and served on Class Counsel and Defendants' counsel on or before September 22, 2017, or be forever barred;

(b) Memoranda regarding objections or motions to intervene must be filed in this Court, and postmarked and served on Class Counsel and Defendants' counsel on or before November 21, 2017, or be forever barred;

(c) Requests by any Class member to opt out of the settlement must be submitted on or before November 21, 2017, or be forever barred. The Court shall rule on all requests for exclusion or opt outs on _[week of December 18]___________, 2017, at ______ a.m./p.m.; and

(d) Defendants shall file proof of compliance with the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715(b), no later than November 30, 2017; and,

(e) The Fairness Hearing, set forth in the Class Notice, is hereby scheduled for ___[week of December 18]__, 2017, at ______ a.m./p.m. in Room ____.

BY ORDER OF THE COURT

________________________________
Honorable Victoria Roberts

Dated: __________________

# EXHIBIT 3

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| AVIO, INC., individually and as the representative of a class of similarly-situated persons, | ) | |
| Plaintiff, | ) | No. 10 CV 10085 |
| v. | ) | Hon. Victoria Roberts |
| ALFOCCINO, INC., et al., | ) | |
| Defendants. | ) | |

**FINAL APPROVAL ORDER**

The matter coming before the Court on the request for final approval of the class action settlement by plaintiff, Avio, Inc. ("Plaintiff"), and defendants Alfoccino, Inc., D. Taliercio, Inc., and Farshid (Tony) Shushtari ("Defendants"), due notice given, the parties appearing through counsel, and the Court being fully advised in the premises, **IT IS HEREBY ORDERED**:

1. This Court has jurisdiction over the parties, the members of the Settlement Class, and the claims asserted in this lawsuit.

2. Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the settlement of this action, as embodied in the terms of the Settlement Agreement, is hereby finally approved as a fair, reasonable, and adequate settlement, in the best interests of the Settlement Class, and in light of the factual, legal, practical and procedural considerations raised by this case.

3. The Settlement Class is defined as follows: "All persons sent one or more faxes on November 13, 2006, December 4, 2006, or December 5, 2006 from "Alfoccino Restaurant" with a coupon offering "15% OFF Your Total Catering or Banquet Food Bill Up to $100" and listing the website www.alfoccino.com." Excluded from the Settlement Class are Defendants and their Insurers, Badger Mutual Insurance Company ("Badger"), Argonaut Great Central Insurance Company ("Argonaut"), including any and all of their parents, subsidiaries, affiliates or controlled persons of Defendants, Badger, and Argonaut, as well as the officers, directors, agents, servants, and employees of Defendants, Badger, and Argonaut and the immediate family members of such persons.

4. The Court finds that the Settlement Agreement has been entered in good faith following arm's-length negotiations.

5. Upon the Declaration of ________________, the Court finds that the notice provided to the Settlement Class Members was the best notice practicable under the circumstances and it satisfied the requirements of due process and Federal Rule 23(e)(1).

6. Upon the Affidavit of ________________, the Court finds that notice has been given to the appropriate State and Federal officials in accordance with the Class Action Fairness Act, 28 U.S.C. § 1715.

7. ____ objections were received. All objections are overruled.

8. The following persons validly requested exclusion from the Settlement Class and the settlement: ________________.

9. After due consideration of, among other things, the uncertainty about the likelihood of: (a) the Class's ultimate success on the merits; (b) the range of the Class's possible recovery; (c) the complexity, expense and duration of the litigation; (d) the substance and amount of opposition to the settlement; (e) the state of proceedings at which the settlement was achieved; (f) all written submissions, declarations and arguments of counsel; and (g) after notice and hearing, this Court finds that the settlement is fair, adequate and reasonable. This Court also finds that the financial settlement terms fall within the range of settlement terms that would be considered fair, adequate and reasonable. Accordingly, this Settlement Agreement should be and is APPROVED and shall govern all issues regarding the settlement and all rights of the Parties, including the Class Members. Each Class Member (including any person or entity claiming by or through him, her or it, but except those persons identified above who have previously excluded themselves from the Settlement Class) shall be bound by the Settlement Agreement, including being subject to the Releases set forth in the Settlement Agreement.

10. Defendants, by and through their Insurers, have created a settlement fund (the "Settlement Fund") of $6,987,500.00 to pay valid class member claims, class action settlement administration costs, attorney's fees, costs, and expenses, and an incentive award to Plaintiff as determined and awarded by this Court. Unclaimed monies in the Settlement Fund shall revert to Defendants' Insurers.

11. As agreed in and subject to the Settlement Agreement, each member of the Settlement Class who submits a timely and valid Claim Form will be mailed a check not to exceed $500 for every fax they were sent from the Settlement Fund. The

Settlement Administrator will cause those checks to be mailed after receiving the Settlement Funds. Checks issued to the claiming Settlement Class members will be void 181 days after issuance.

12. As agreed between the parties, the Court approves Class Counsel's request for attorneys' fees in the total amount of $2,329,166.67, plus out-of-pocket expenses in the amount of ______. Those amounts shall be paid from the Settlement Fund when the Final Judgment and Order becomes final as those terms are defined in the Settlement Agreement.

13. As agreed between the parties, the Court approves a $15,000 incentive award to Avio, Inc. for serving as the Class Representative. In accordance with the Settlement Agreement, that amount shall be paid from the Settlement Fund when the Final Judgment and Order become final as those terms are defined in the Settlement Agreement.

14. The Court expressly adopts and incorporates herein all the terms of the Settlement Agreement. The Parties shall carry out their respective obligations under that Agreement.

15. This action, including all claims against Defendants asserted in this lawsuit, or which could have been asserted in this lawsuit, by or on behalf of Plaintiff and all Settlement Class members against Defendants are hereby dismissed with prejudice and without taxable costs to any Party.

16. All claims or causes of action of any kind by any Settlement Class member or anyone claiming by or through him, her or it brought in this Court or any other forum (other than those by persons who have opted out of this action) are barred

pursuant to the Releases set forth in the Settlement Agreement. All persons and entities are enjoined from asserting any claims that are being settled or released herein, either directly or indirectly, against Defendants or their Insurers, in this Court or any other court or forum.

17. If (a) the Settlement Agreement is terminated pursuant to its terms, or (b) the Settlement Agreement or Final Approval Order and Judgment do not for any reason become effective, or (c) the Settlement Agreement or Final Approval Order and Judgment are reversed, vacated or modified in any material or substantive respect, then any and all orders entered pursuant to the Settlement Agreement shall be deemed vacated. If the settlement does not become final in accordance with the terms of the Settlement Agreement, this Final Approval Order and Judgment shall be void and be deemed vacated.

18. The Court retains jurisdiction for 180 days over this action, Plaintiff and all members of the Settlement Class, Defendants, and Defendants' Insurers, to determine all matters relating in any way to this Final Judgment and Order, the Preliminary Approval Order, or the Settlement Agreement, including but not limited to, their administration, implementation, interpretation or enforcement. The Court further retains jurisdiction to enforce this Order.

19. The Court finds that there is no just reason to delay the enforcement of this Final Approval Order and Judgment.

BY ORDER OF THE COURT

Dated: ______________

______________________________
Honorable Judge Victoria Roberts