IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| AVIO, INC., individually and as the representative of a class of similarly-situated persons, | ) ) ) ) |
| Plaintiff, | ) No. 10 CV 10221 ) |
| v. | ) Hon. Victoria Roberts ) |
| ALFOCCINO, INC., et al., | ) ) |
| Defendants. | ) |

### AMENDED ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT

This matter is before the Court on Plaintiff's Agreed Motion for Preliminary Approval of Class Action Settlement and Notice to the Class and, after review and consideration of the Settlement Agreement:

IT IS HEREBY ORDERED as follows:

1. Pursuant to Rule 23 (e) of the Federal Rules of Civil Procedure, the settlement of this action, as embodied in the terms of the Settlement Agreement attached to the Joint Motion, is preliminarily approved as a fair, reasonable, and adequate settlement, in the best interests of the Settlement Class in light of the factual, legal, practical, and procedural considerations raised by this case. The Settlement Agreement is incorporated by reference into this Order (with capitalized terms as set forth in the Settlement Agreement) and is hereby preliminarily adopted as an Order of this Court.

2. Pursuant to Rule 23 (b) (3) of the Federal Rules of Civil Procedure, by stipulation of the parties, the Court hereby certifies the following class:

> All persons sent one or more faxes on November 13, 2006, December 4, 2006, or December 5, 2006 from "Alfoccino Restaurant" with a coupon offering "15% OFF Your Total Catering or Banquet Food Bill Up to $100" and listing the website www.alfoccino.com.

Excluded from the Settlement Class are Defendants and their Insurers, Argonaut Mutual Insurance Company ("Argonaut") and Badger Mutual Insurance Company ("Badger"), including any and all of their parents, subsidiaries, affiliates or controlled persons of Defendants, Badger, and Argonaut, as well as the officers, directors, agents, servants, and employees of Defendants, Badger, and Argonaut and the immediate family members of such persons.

3. The Court finds that certification for purposes of settlement is appropriate because (a) the class is so numerous that joinder of all members is impractical; (b) there are questions of law and fact common to the class and they predominate over any questions affecting only individual class members; (c) Plaintiff's claims are typical of the claims of the class; (d) Plaintiff and its attorneys will fairly and adequately protect the interests of the class; and (e) a class action is the superior means of resolving this controversy.

4. The Court appoints Avio, Inc. as the representative of the Settlement Class pursuant to Rule 23 (a), appoints Avio's attorneys (Phillip A. Bock of Bock & Hatch, LLC, Jason J. Thompson of Sommers Schwartz, P.C., and Brian J. Wanca of Anderson + Wanca) as Class Counsel pursuant to Rule 23 (g), and appoints Class-Settlement.Com as the "Settlement Administrator."

5. The Court finds that the Settlement Agreement's plan for class notice is the best notice practicable under the circumstances and satisfies the requirements of

due process and Rule 23 (e) (1) of the Federal Rules of Civil Procedure. That plan is approved and adopted. This Court further finds that the Class Notice (attached to the Settlement Agreement as Exhibit 1), and the Claim Form included as part of the Class Notice, comply with Rule 23 (e) (1) of the Federal Rules of Civil Procedure, are appropriate as part of the notice plan, and are approved and adopted. The Court orders that the parties provide the notice to the Class as proposed.

6. By this Order, the Court hereby orders that the Class Notice shall be sent by facsimile to the last known telephone fax number of each class member as reflected in the Database (Exhibit 5 to the Expert Report of Robert Biggerstaff dated January 20, 2010), and by U.S. Mail to those class members to whom fax notice is unsuccessful after three (3) attempts. The Class Notice and Claim Form shall also be made available on the Settlement Administrator's website. The Court finds and orders that no other notice is necessary.

7. The Court hereby sets deadlines and dates for the acts and events set forth in the Settlement Agreement and directs the Parties to incorporate the deadlines and dates in the Class Notice:

    (a) Class Notice shall be sent on or before October 13, 2017;

    (b) Objections and motions to intervene shall be filed in this Court and postmarked and served on Class Counsel and Defendants' counsel on or before December 12, 2017, or be forever barred;

    (c) Memoranda regarding objections or motions to intervene must be filed in this Court, and postmarked and served on Class Counsel and

Defendants' counsel on or before December 21, 2017, or be forever barred;

(d) Requests by any Class member to opt out of the settlement must be submitted on or before December 12, 2017, or be forever barred. The Court shall rule on all requests for exclusion or opt outs on January 17, 2018, at 2:00 p.m.; and

(e) Defendants shall file proof of compliance with the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715(b), no later than December 12, 2017; and,

(f) The Fairness Hearing, set forth in the Class Notice, is hereby scheduled for January 17, 2018, at 2:00 p.m. in Room 226.

BY ORDER OF THE COURT

S/Victoria A. Roberts
Honorable Victoria Roberts
United States District Judge

Dated: October 6, 2017