IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| AVIO, INC., individually and as the representative of a class of similarly-situated persons,<br><br>      Plaintiff,<br><br>  v.<br><br>ALFOCCINO, INC., et al.,<br><br>      Defendants. | )<br>)<br>)<br>)<br>)   No. 10 CV 10221<br>)<br>)   Hon. Victoria Roberts<br>)<br>)<br>)<br>) |

## FINAL APPROVAL ORDER AND JUDGMENT

This is before the Court on the request for final approval of the class action settlement by plaintiff, Avio, Inc. ("Plaintiff"), and defendants Alfoccino, Inc., D. Taliercio, Inc., and Farshid (Tony) Shushtari ("Defendants"). Notice was given. The parties appeared through counsel. Based on the submission of the parties, the Court makes the following findings:

  1.  The Court has jurisdiction over the parties, the members of the Settlement Class, and the claims asserted in this lawsuit.

  2.  Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the settlement of this action as set forth in the Settlement Agreement, is finally approved as a fair, reasonable, and adequate settlement, in the best interests of the Settlement Class, and in light of the factual, legal, practical and procedural considerations raised by this case.

3. The Settlement Class is defined as follows: "All persons sent one or more faxes on November 13, 2006, December 4, 2006, or December 5, 2006 from "Alfoccino Restaurant" with a coupon offering "15% OFF Your Total Catering or Banquet Food Bill Up to $100" and listing the website www.alfoccino.com." Excluded from the Settlement Class are Defendants and their Insurers, Badger Mutual Insurance Company ("Badger"), Argonaut Great Central Insurance Company ("Argonaut"), including any and all of their parents, subsidiaries, affiliates or controlled persons of Defendants, Badger, and Argonaut, as well as the officers, directors, agents, servants, and employees of Defendants, Badger, and Argonaut and the immediate family members of such persons.

4. The Settlement Agreement has been entered in good faith following arm's-length negotiations.

5. Based on the Declaration of Dorothy Sue Merryman, the notice provided to the Settlement Class Members was the best notice practicable under the circumstances and it satisfied the requirements of due process and Federal Rule 23(e)(1).

6. Based on the Affidavit of Jason Mathers, notice was given to the appropriate State and Federal officials in accordance with the Class Action Fairness Act, 28 U.S.C. § 1715.

7. One objection was received; no objector appeared at the final approval hearing. The objection is overruled.

8. The following person validly requested exclusion from the Settlement Class and the settlement: CRS Services, Inc.

9. After due consideration of, among other things, the uncertainty about the likelihood of: (a) the Class's ultimate success on the merits; (b) the range of the Class's possible recovery; (c) the complexity, expense and duration of the litigation; (d) the substance and amount of opposition to the settlement; (e) the state of proceedings at which the settlement was achieved; (f) all written submissions, declarations and arguments of counsel; and (g) after notice and hearing, the Court finds that the settlement is fair, adequate and reasonable. This Court also finds that the financial settlement terms fall within the range of settlement terms that would be considered fair, adequate and reasonable. Accordingly, this Settlement Agreement is APPROVED and governs all issues regarding the settlement and all rights of the Parties, including the Class Members. Each Class Member (including any person or entity claiming by or through him, her or it, but except those persons identified above who have previously excluded themselves from the Settlement Class) is bound by the Settlement Agreement, and is subject to the Releases set forth in the Settlement Agreement.

10. Defendants, through their Insurers, created a settlement fund (the "Settlement Fund") of $6,987,500.00 to pay valid class member claims, class action settlement administration costs, attorney's fees, costs, and expenses, and an incentive award to Plaintiff as determined and awarded by this Court. Unclaimed monies in the Settlement Fund will revert to Defendants' Insurers.

11. Subject to the Settlement Agreement, each member of the Settlement Class who submits a timely and valid Claim Form will be mailed a check not to exceed $500 for every fax they were sent from the Settlement Fund. The Settlement

Administrator will cause those checks to be mailed after receiving the Settlement Funds. Checks issued to the claiming Settlement Class members will be void 181 days after issuance.

12. The Court approves Class Counsel's request for attorneys' fees in the total amount of $2,329,166.67, plus out-of-pocket expenses. Those amounts will be paid from the Settlement Fund when the Final Judgment and Order becomes final as those terms are defined in the Settlement Agreement.

13. The Court approves a $15,000 incentive award to Avio, Inc. for serving as the Class Representative. In accordance with the Settlement Agreement, that amount shall be paid from the Settlement Fund when the Final Judgment and Order become final as those terms are defined in the Settlement Agreement.

14. In this Order the Court adopts and incorporates all terms of the Settlement Agreement. The Parties must carry out their respective obligations under that Agreement.

15. This action, including all claims against Defendants asserted in this lawsuit, or which could have been asserted in this lawsuit, by or on behalf of Plaintiff and all Settlement Class members against Defendants are dismissed with prejudice and without taxable costs to any Party.

16. All claims or causes of action of any kind by any Settlement Class member or anyone claiming by or through him, her or it brought in this Court or any other forum (other than those by persons who have opted out of this action) are barred pursuant to the Releases set forth in the Settlement Agreement. All persons and entities are enjoined from asserting any claims that are being settled or released,

either directly or indirectly, against Defendants or their Insurers, in this Court or any other court or forum.

17. If (a) the Settlement Agreement is terminated pursuant to its terms, or (b) the Settlement Agreement or Final Approval Order and Judgment do not for any reason become effective, or (c) the Settlement Agreement or Final Approval Order and Judgment are reversed, vacated or modified in any material or substantive respect, then any and all orders entered pursuant to the Settlement Agreement will be deemed vacated. If the settlement does not become final in accordance with the terms of the Settlement Agreement, this Final Approval Order and Judgment shall be void and deemed vacated.

18. The Court retains jurisdiction for 180 days over this action, Plaintiff and all members of the Settlement Class, Defendants, and Defendants' Insurers, to determine all matters relating in any way to this Final Judgment and Order, the Preliminary Approval Order, or the Settlement Agreement, including but not limited to, their administration, implementation, interpretation or enforcement. The Court retains jurisdiction to enforce this Order.

19. The Court finds that there is no just reason to delay the enforcement of this Final Approval Order and Judgment.

**IT IS ORDERED**.

Dated: 1/18/18                                          S/ Victoria A. Roberts
                                                        Honorable Victoria Roberts
                                                        United States District Judge